Forks Township, Appellant, *v.* George Calantoni & Sons, Inc., Appellee.

Submitted on briefs, July 2, 1974, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

590

*Stanley E. Stettz*, with him *Teel, Stettz, Shimer & DiGiacomo*, for appellant.

*Carl K. Zucker*, with him *Leonard M. Cohen, Anthony S. Blasco and Cohen, Shapiro, Polisher, Shiekmen & Cohen*, for appellee.

OPINION BY JUDGE WILKINSON, August 8, 1974:

Since April of 1971, when appellee filed plans for a Planned Unit Development (PUD) with Forks Township Planning Commission, these parties have been litigating their respective rights. The Planning Commission gave preliminary approval to the PUD plans provided appellee used the proper floor area ratio. Subsequently, the appellant refused to approve the plans on advice of legal counsel that PUD was not permitted in a business district. This Court, on November 16, 1972, sustained Judge GRIFO when he ruled that appellee's plans should be approved subject to working out the floor area ratio. See *George Calantoni & Sons, Inc. v. Board of Supervisors*, 6 Pa. Commonwealth Ct. 521, 297 A. 2d 164 (1972). The issue in that case, which

was resolved in favor of the present appellee, was whether PUD was a permitted use within a business district.

After resolving the floor area issue, appellee applied again for approval of its PUD plans and was rejected. At that point it was not entirely clear whether appellee's next step might properly have been an action in mandamus, or in a contempt proceeding, or in an appeal from the denial of the permit. This action was brought in the form of a Petition and Rule to show cause why an attachment for contempt should not issue.

The lower court properly observed: "This matter has been before the Courts of the Commonwealth far too long." In an effort to bring the matter to a conclusion it then ordered the appellant to bring the entire record before the Court as if this were an appeal from the denial of the permit, including any supplementary findings of fact upon which appellant's refusal to issue a permit was based.

Appellant has filed this appeal from the lower court's amended order to file the record as though the action was an appeal from the denial of the permit rather than a contempt proceeding. Appellee has filed a motion to quash the appeal on the grounds, *inter alia,* that the amended order was interlocutory. We must quash the appeal.

It seems to this Court that it was in the exercise of almost an excess of caution to protect all of appellant's rights that the lower court did not hold the appellant in contempt. By his amended order he is giving appellant a maximum opportunity, including, at this late date, the right to augment the record with supplemental findings of fact, to justify its refusal to grant the building permit.

Appellant urges that it is entitled to have appellee specify the concise grounds for its appeal if this is to

be treated as an appeal as would be the case under Section 1008 of the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P. L. No. 93, 53 P.S. §11008. Especially in the present unusual and peculiar stance of this case, it was not an abuse of discretion on Judge GRIFO's part to order that appellant submit the entire record and the reasons for its refusal to issue the permit. It is not necessary for appellant to have the basis for appellee's dissatisfaction with its action for it to submit to the court the entire record, together with the reasons for its refusal.

After the appellant has complied with the lower court's interlocutory order that court will be in a position to determine if it has a sufficient record before it to make a final order or whether further procedural steps will be necessary.

Appeal quashed.

Judge MENCER concurs in the result only.