George Calantoni & Sons, Inc., Appellee, *v.* Forks Township, Appellant.

Argued March 31, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Stanley E. Stettz,* with him *Teel, Stettz, Shimer & DiGiacomo,* for appellant.

*Carl K. Zucker,* with him *Leonard M. Cohn, Anthony S. Blasco,* and *Cohen, Shapiro, Polisher, Shiekman and Cohen,* for appellee.

OPINION BY JUDGE ROGERS, May 2, 1975:

The appellee, George Calantoni & Sons, Inc. (Calantoni), has been attempting to obtain approval of a Planned Residential Development (PRD) on approximately 31 acres of land which it owns in Forks Township, Northampton County, for five years.

In 1971 the Township Planning Commission recommended tentative approval of a preliminary plan filed by Calantoni, conditioned upon a decision by the Board of Supervisors and the township solicitor as to the propriety of the method used by Calantoni in determining the necessary floor ratio area. When the plan reached the Board of Supervisors, the township solicitor decided that a planned residential development was not a permitted use in the zoning district where Calantoni's tract was located. Calantoni appealed the Board of Supervisors' disapproval of the plan on this ground to the Northampton County Court of Common Pleas which held that the proposed use was permitted. The township appealed that decision to the Commonwealth Court. We affirmed the lower court's determination. *George Calantoni & Sons, Inc. v. Board of Supervisors,* 6 Pa. Commonwealth Ct. 521, 297 A.2d 164 (1972). Judge KRAMER noted at the conclusion of the opinion written for the court that the sole remaining issue in the case seemed to be that of the floor area ratio required by the zoning

ordinance and suggested that when this was resolved Calantoni would be entitled to a building permit.

Calantoni revised its plan to conform with the township's view of the allowed floor area ratio and resubmitted it to the township together with a request for a building permit. The Township Planning Commission recommended tentative approval of the plan but the Board of Supervisors deferred immediate action. Calantoni then instituted an action of mandamus seeking an order directing the supervisors to approve the plan and issue a building permit and moved for summary judgment. The court below remanded the matter to the Township Planning Commission with direction to grant tentative approval and further ordered the Board of Supervisors to issue a building permit, subject to compliance by Calantoni with all provisions of the zoning ordinance. The Board of Supervisors next published a written report purporting to show noncompliance of the plan with various provisions of the township zoning ordinance. Calantoni thereupon filed a motion for a rule to show cause why an attachment for contempt should not issue against the township supervisors. After motions for judgment on the pleadings were filed by both parties, the court below discharged the rule to show cause, directed the Board of Supervisors to bring the entire record to the court and announced the court's intention to treat the matter as a zoning appeal. By amended order, the court directed that a zoning appeal be filed by Calantoni. The court's order was appealed by the township to us. We quashed the appeal as interlocutory. *Forks Township v. George Calantoni & Sons, Inc.*, 14 Pa. Commonwealth Ct. 589, 324 A.2d 861 (1974). Judge WILKINSON, writing for this court, specifically approved the action of the lower court in treating the rule for attachment as a zoning appeal and noted that this afforded the township an opportunity to augment the record to justify its refusal to issue the building permit. The township made no application to augment the record as we suggested.

The court below, after conferring at length with counsel and examining the record, entered its order directing the issuance of a permit for the construction of the planned residential development in accordance with the revised plan. Forks Township appealed to the Supreme Court of Pennsylvania which transferred it to this court for disposition.

The township presents for our consideration one question:

"Can a Court in a zoning appeal arbitrarily select between conflicting conclusions of the parties when the record being reviewed contains no factual data to support the conclusions made without receiving additional evidence when the matter is technical in nature and beyond the scope of competency of the Court?"

The Board of Supervisors assigned a number of reasons for disapproving the revised plan. Only two are pressed by the township in this appeal. The first relates to a requirement of the ordinance for provision of recreational spaces. The revised plan records in a table that 97,100 square feet are set aside for recreational purposes and the plan itself shows six portions of the tract to be devoted to this use. The township engineer, who reviewed the revised plan, reported to the supervisors that the recreation areas shown on the plan consisted of 42,040 square feet, which he declared is approximately one-third less than that required by the zoning ordinance.[1] The method by which the township engineer computed the contents of the recreation areas is not described in the record. The court below examined the plan and concluded that the total recreation space ratio provided is greater than that required by the ordinance. The township contends that the court was not qualified to decide which engineer was correct and was bound therefore to accept

---

1. The ordinance is not in the record certified to us. The appellee does not, however, dispute the statement that 42,040 square feet is two-thirds of the required amount.

the supervisors' finding based on their engineer's report. This is a misstatement of the law. Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010 provides only that the reviewing court shall not disturb findings which are supported by substantial evidence. The issue before the court was that of whether the finding adopting the township engineer's figure had such support. Of the six portions of the property shown on the plan to be devoted to recreational use two are approximately equilateral triangles and the rest are approximate rectangles. It was no feat of engineering beyond the competence of a judge of a court of record to scale these parcels and to determine that the area of these parcels is in excess of the 62,000 square feet required by the ordinance. The largest of these parcels, on which a swimming pool and bathhouse are proposed to be constructed, alone appears to contain more than 42,000 square feet. Our examination of the record convinces us that the court below properly concluded that the supervisors' finding was not supported by substantial evidence and that they abused their discretion in arbitrarily accepting their engineer's report in this regard. On the one side was the assertion by the township engineer that only 42,040 square feet were provided and on the other the developer's engineer's figure of 97,100 square feet, with support of the latter in the delineation of such areas on the plan.

The appellant's remaining contention is that the court erred in concluding that the storm water drainage system provided by the revised plan was not inadequate, as the supervisors believed. The supervisors' report declares in this regard only that "a problem exists relative to the storm water system" and that the system proposed is inadequate. This objection, like others in the Board of Supervisors' report not here pressed, is not a communication setting forth "with particularity in what respects the development plan . . . would not be in the public inter-

est including ... (4) ... the manner in which said design does or does not make adequate provision for public services . . . ," as is required by Section 709(b)(4) of the MPC, 53 P.S. §10709(b)(4). *Doran Investments v. Muhlenberg Township Board of Commissioners,* 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973).

Finally, the hearing judge's order requiring the issuance of a permit for the construction of the appellee's planned residential development was within the power granted reviewing courts by Section 1011 of the MPC, *as amended,* 53 P.S. §11011.

We should not leave this matter without commending the acumen, fairness and patience of Judge GRIFO throughout the course of this protracted and sharply contested litigation.

Affirmed.