Edwin R. THOMPSON

v.

## ZONING HEARING BOARD OF HORSHAM TOWNSHIP

**Labrepco Ventures, L.P., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 2008.
Decided Jan. 12, 2009.

Marc D. Jonas, Blue Bell, for appellant.

Stephen G. Yusem, Plymouth Meeting, for appellee, Edwin R. Thompson.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge * (P) and SIMPSON, Judge.

OPINION BY Judge FRIEDMAN.

Labrepco Ventures, L.P., (Landowner) appeals from the June 2, 2008, order of the Court of Common Pleas of Montgomery County (trial court), which denied Landowner's motion to quash the land use appeal filed by Edwin R. Thompson (Thompson).[1] We affirm, and we remand the matter for consideration of the merits of Thompson's appeal.

Landowner owns property at 223 Keith Valley Road (Property), which is located in the I–2 Industrial District and the Airport Crash & Noise Overlay District/Accident Potential Zone 1 (ACNOD) of Horsham Township (Township). Although offices and warehouses are permitted uses in the I–2 District, they are prohibited in the ACNOD. In 2008, Landowner filed an application with the Zoning Hearing Board of Horsham Township (ZHB) requesting: (1) a use variance to allow the construction of two, two-story office buildings in the AC-NOD; and (2) a dimensional variance from section 230.153.E of the Horsham Township Zoning Ordinance of 1995 (Ordinance) to allow a forty-three-foot buffer along the residentially-zoned land adjacent to the

---

* The decision in this case was reached before January 1, 2009, when Judge Friedman assumed the status of senior judge.

1. Landowner does not appeal from the trial court's denial of its petition for bond filed pursuant to section 1003–A(d) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A(d). This section allows a landowner whose use or development is being challenged to petition the trial court to order the appellant to post bond as a condition of proceeding with the appeal. *Id.*

Property, instead of the required fifty-foot buffer.

On January 8, 2008, the ZHB held a hearing on Landowner's variance requests, at which the ZHB granted Thompson party status without any objection by Landowner. Landowner presented expert testimony to support its variance requests. Thompson did not object to this expert testimony, and he did not present any evidence to refute the expert's opinion or to demonstrate any deleterious effects that the proposed office buildings would have on the surrounding area. Instead, Thompson's objection to the variance simply was that office buildings are not a permitted use in the ACNOD and the ZHB should enforce the Ordinance as it is written. Crediting Landowner's expert's testimony, the ZHB concluded that Landowner had satisfied its burden of establishing its entitlement to the two variances and granted them to Landowner.

▮ Thompson appealed to the trial court, and Landowner filed a motion to quash the appeal, arguing that Thompson lacked standing to appeal the ZHB's decision because he was not aggrieved. At a hearing on the standing issue, Thompson presented no evidence to indicate that he had a direct, immediate, substantial or pecuniary interest in the subject matter of the litigation.[2] Nevertheless, the trial court denied Landowner's motion to quash, reasoning that Landowner waived any

challenge to Thompson's standing by failing to object to Thompson's grant of party status before the ZHB. To support its decision, the trial court relied on *Baker v. Zoning Hearing Board*, 27 Pa.Cmwlth. 602, 367 A.2d 819 (1976) (holding that an objector necessarily is aggrieved by a zoning hearing board's decision where the objector is granted party status before the board without objection and the board grants the requested relief), and *Active Amusement Company v. Zoning Board of Adjustment*, 84 Pa.Cmwlth. 538, 479 A.2d 697 (1984) (same).

Pursuant to a request by Landowner, the trial court amended its order and certified that there exists a substantial ground for a difference of opinion on a controlling question of law as to whether Thompson had standing to appeal the 2008 Decision. Based on the amended order, this court granted Landowner's petition for permission to appeal pursuant to section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b).[3]

▮ On appeal,[4] Landowner argues that the trial court erred in denying its motion to quash based on its determination that Landowner waived any challenge to Thompson's standing by not objecting before the ZHB. We disagree.

▮ Like the trial court, we conclude that the situation here is analogous to that in *Baker*. In *Baker*, as here, a resident of

---

**2.** Generally, a party is aggrieved when he has an adverse, direct, immediate and substantial interest in a decision, as opposed to a remote and speculative interest. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975).

**3.** Section 702(b) of the Judicial Code provides that an appellate court may, in its discretion, permit an appeal from an interlocutory order where, as here, a trial court is of the opinion that the interlocutory order involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. 42 Pa.C.S. § 702(b).

**4.** Where a trial court considers evidence on a standing issue that is not addressed by the zoning hearing board, we must determine whether the trial court committed an abuse of discretion or an error of law. *Gateside–Queensgate Company v. Delaware Petroleum Company*, 134 Pa.Cmwlth. 603, 580 A.2d 443 (1990).

the township appeared before the zoning hearing board in opposition to a landowner's application, and the landowner did not object to the resident appearing or becoming a party to the proceedings. As in the present case, the zoning hearing board granted the requested relief, and when the resident appealed to the trial court, the landowner asserted that the resident was not a party aggrieved and, therefore, lacked standing to appeal the zoning hearing board's decision. The trial court agreed and dismissed her appeal. In reversing, our court reasoned that because the resident appeared and participated as a party before the zoning hearing board without objection by the landowner, she necessarily was aggrieved by the adverse

decision and had standing to appeal that decision.[5] *Baker.* Applying *Baker,* we conclude that because Thompson appeared and participated as a party before the ZHB without objection by Landowner, he necessarily is aggrieved by the ZHB's adverse decision and has standing to appeal that decision to the trial court.[6]

Accordingly, we affirm the trial court's denial of Landowner's motion to quash, and we remand the matter to the trial court to proceed with the merits of Thompson's appeal.

### ORDER

AND NOW, this 12th day of January, 2009, the order of the Court of Common

---

5. Our supreme court also has held that when a person is permitted to appear in opposition to an application to a zoning hearing board and permitted to cross-examine witnesses and present evidence, he or she is a party to those proceedings and is entitled to appeal an adverse decision as an aggrieved party. *In re Larsen,* 532 Pa. 326, 616 A.2d 529 (1992). Moreover, the landowner in *Larsen,* as here, failed to challenge the objectors standing before the zoning hearing board, and, therefore, the supreme court concluded that any defect in the objector's standing was waived. *Id.*

6. Landowner's reliance on other authority to support lack of standing is misplaced. Specifically, Landowner cannot rely on Pa. R.A.P. 501 to challenge Thompson's standing because the Rules of Appellate Procedure do not apply to the courts of common pleas vested with jurisdiction to decide an appeal from local agency adjudications unless that court has specifically adopted those Rules, and there is no indication that the trial court has done so. Moreover, Landowner cannot rely on *Spahn v. Zoning Board of Adjustment,* 922 A.2d 24 (Pa.Cmwlth.2007), *appeal granted,* —— Pa. ——, 954 A.2d 567 (2008), because that case was governed by the Zoning Code of the City of Philadelphia, not the MPC. Finally, Landowner cannot rely on *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board,* 659 A.2d 651 (Pa.Cmwlth.), *appeal de-*

*nied,* 542 Pa. 674, 668 A.2d 1136 (1995), because: (1) unlike here, the party appealing prevailed before the zoning hearing board and, therefore, there was no adverse decision to appeal; (2) the question involved standing *before this court* under Pa. R.A.P 501, and this rule does not apply to appeals to the trial court from a zoning hearing board; and (3) the earliest moment the zoning hearing board could challenge ACS's standing to appeal to the Commonwealth Court as an aggrieved party was before this court.

We also reject Landowner's contention that the failure to challenge Thompson's standing as a person aggrieved before the ZHB does not constitute a waiver of that issue. It is well-settled that standing is not a jurisdictional issue and may be waived if not objected to at the earliest possible opportunity. *Bullock v. County of Lycoming,* 859 A.2d 518 (Pa. Cmwlth.2004); *Statewide Building Maintenance, Inc. v. Pennsylvania Convention Center Authority,* 160 Pa.Cmwlth. 544, 635 A.2d 691 (1993). Moreover, we have held that the issue of whether a person is aggrieved, like standing, is waived if not raised before the zoning board where the person was not prevented from doing so. *Cohen v. Zoning Board of Adjustment,* 53 Pa.Cmwlth. 311, 417 A.2d 852 (1980); *see also Leoni v. Whitpain Township Zoning Hearing Board,* 709 A.2d 999 (Pa. Cmwlth.), *appeal denied,* 557 Pa. 642, 732 A.2d 1211 (1998).

Pleas of Montgomery County (trial court), dated June 2, 2008, is hereby affirmed. We remand the matter to the trial court for it to consider the merits of Edwin R. Thompson's appeal from the decision of the Zoning Hearing Board of Horsham Township granting variances to Labrepco Ventures, L.P.

Jurisdiction relinquished.