**In re Appeal of Preliminary/Final Major Land Development Plan for Allentown Arena & Event Center**

458

C.P. of Lehigh County, No. 2012-C-1516.

*G. Michael Carr*, for appellants.

*Timothy J. Siegfried*, for intervenor, Allentown Commercial and Industrial Development Authority.

*Frances A. Fruhwirth*, for intervenor, City of Allentown.

FORD, *J.*, March 7, 2013—Appellants, Whitehall Manor, Inc. (Whitehall), and Linden 515 LP (Linden), filed a notice of appeal to this court from a decision of the City of Allentown Planning Commission (Commission). The decision was announced at a meeting of the Commission on March 13, 2012, and it was explained in an approval letter dated March 14, 2012. In the decision, the Commission approved a plan for commercial development in downtown Allentown submitted by the Allentown Commercial and Industrial Development Authority (ACIDA). Appellants argued that the Commission erred as a matter of law and abused its discretion in approving the plan.

On December 17, 2012, I entered an order dismissing

appellants' appeal. Appellants have now filed the current appeal challenging my order of December 17. For the reasons that follow, appellants' appeal lacks merit and should be dismissed.

## Factual and Procedural History

Whitehall owns a leasehold interest in a parcel of real estate located at 12 North 7th Street, Allentown, Pennsylvania 18101. Linden is the owner of real property located at 515 Linden Street, Allentown, Pennsylvania 18104. Abraham Atiyeh is the principal of both Whitehall and Linden.

ACIDA is a corporate body organized pursuant to Article XVI-B of Act 50 of 2009 of the Pennsylvania General Assembly, as amended by Act 26 of 2011, and Act 87 of 2012. ACIDA has a principal place of business at 435 Hamilton Street, Allentown, Pennsylvania 18104.

On February 14, 2012, ACIDA submitted to the City of Allentown Bureau of Planning and Zoning a land development application and plan (development plan). The plan proposed the development of an arena, a hotel, offices and a parking facility on a one city block, 5.34 acre area of downtown Allentown.

On March 13, 2012, the Commission held a public meeting on ACIDA's development plan. During the meeting, a representative of appellants attended and voiced appellants' opposition to the development plan. At the close of the meeting, the Commission voted to approve the development plan. This decision was confirmed by

way of an approval letter sent from the Commission to ACIDA on March 14, 2012.

On April 10, 2012, appellants filed their pleading entitled "Land Use Appeal Notice" which brought the case to this court. In the appeal, appellants challenged the Commission's March 13, 2012, decision approving ACIDA's development plan. Appellants contended that, in approving the development plan, the Commission failed to adhere to the law and abused its discretion.

On April 20, 2012, the City of Allentown (Allentown) filed a notice of intervention to join in opposition to appellants' appeal. Likewise, on April 24, 2012, ACIDA filed a notice of intervention in opposition to the appeal. (The Commission, the appellee in this appeal, deferred to ACIDA in leading the opposition to appellants' appeal.)

On June 7, 2012, I entered a case management order stating that appellants' brief in support of the appeal had to be filed by August 28, 2012, that the intervenors' briefs had to be filed by September 4, 2012, and that argument on the appeal would be held on September 18, 2012.

Appellants did not file a brief in support of their appeal by the August 28, 2012, deadline. ACIDA timely filed its brief in opposition to the appeal on September 4, 2012, and Allentown joined in this brief. When argument on the appeal was held on September 18, 2012, appellants had still not filed a brief. Nevertheless, all counsel agreed that oral argument would proceed and that appellants would be given the opportunity to file their brief following argument. Intervenors were allowed to file amended

briefs after review of appellants' brief.

On October 9, 2012, appellants filed a brief in support of their appeal. On October 17, 2012, ACIDA filed a supplemental brief in opposition to the appeal. Allentown joined in ACIDA's brief. ACIDA then filed an amended supplemental brief in opposition to the appeal on October 23, 2012.

On December 17, 2012, I entered an order and accompanying opinion denying and dismissing appellants' appeal. In the opinion, I explained that appellants lacked standing to pursue the appeal. Furthermore, I explained that even assuming appellants possessed standing, all of the issues raised in the appeal lacked merit.

On January 14, 2013, appellants filed the current notice of appeal to the Commonwealth Court challenging the order entered on December 17, 2012.

In response to an earlier order, appellants filed a "Concise Statement of Errors Complained of on Appeal" (concise statement) pursuant to Pa.R.A.P. 1925(b) on February 14, 2013.

## Discussion and Conclusions of Law

In a land use appeal where the court does not take additional evidence, the court's review is limited to whether the local agency committed an abuse of discretion or error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (1983); and 53 P.S. § 11005-A. The court may not substitute its judgment for that of the local agency unless

the agency manifestly abused its discretion. *Nascone v. Ross Township Zoning Hearing Board*, 81 Pa.Cmwlth. 482, 486, 473 A.2d 1141, 1142 (1984). An abuse of discretion occurs when a local agency's findings are not supported by substantial evidence. *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 547 Pa. 163, 167, 689 A.2d 225, 227 (1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lantos v. Zoning Hearing Board of Haverford Township*, 153 Pa.Cmwlth. 591, 597, 621 A.2d 1208, 1211 (1993).

No additional evidence was presented at the argument on appellants' appeal. Thus, my review was restricted to the record developed before the Commission.

## Standing

In Paragraphs 4, 5 and 6 of the concise statement, appellants allege that I erred in determining that appellants lacked standing to challenge the Commission's decision to approve ACIDA's development plan. ACIDA argued that appellants lack standing to appeal the Commission's approval of the development plan. ACIDA was correct.

In order to assert standing to appeal a land use decision of a local agency, a party must demonstrate that it is "aggrieved" by the decision in question. 53 P.S. § 10913.3; and City of Allentown Zoning Ordinance (ordinance) § 1307.04; *see also Miravich v. Township of Exeter*, 6 A.3d 1076 (Pa.Cmwlth. 2010) (noting that the same test for determining standing in appeals from zoning boards applies to appeals from planning commissions).

For purposes of land use appeals,

> a party is aggrieved if the party can show an interest that is substantial, direct, and immediate. In order to be substantial, there must be some discernible effect on some interest other than the abstract interest all citizens have in the outcome of the proceedings. In order to be direct, the party must show some causation of harm to his interest. In order to be immediate, there must be a causal connection between the action complained of and the injury to the person challenging it.

*Spahn v. Zoning Board of Adjustment*, 602 Pa. 83, 115, 977 A.2d 1132, 1151 (2009) (internal citations omitted).

In support of the claim that they have standing to bring this appeal, appellants argued in their brief that Whitehall has an office leasehold interest in the Dime Bank Building which is located within the area to be developed pursuant to ACIDA's development plan. Appellants conceded that the development plan showed the Dime Bank Building as being preserved. However, they noted that Whitehall maintains a sign on the outside of the Dime Bank Building and the development plan did not specifically address preservation of the sign. Further, appellants noted that the property owned by Linden rests in close proximity to the area affected by the development plan. Appellants asserted that,

> [t]he development of the Arena will obviously have far reaching impacts on the downtown area of the City (of Allentown). It will generate traffic congestion in an area with an already insufficient traffic network adversely

impacting travel to and from the Linden Property. It will impact parking. It will fundamentally and irrevocably alter the character of the neighborhood, and will fiscally impact the neighborhood and City.

(Appellants' brief, p. 5).

Appellants had the opportunity to develop an evidentiary record to support these claims yet they declined to do so. Therefore, this court was restricted to analyzing appellants' claims based on the record developed before the Commission. From a review of that record, there was nothing to indicate that appellants' properties will suffer by the implementation of the development plan.

Appellants' claims pertaining to Whitehall's sign on the Dime Bank Building were undercut by appellants' admission that the development plan included preservation of that building in its current form. Appellants offered no specific evidence as to the location of the sign on the Dime Bank Building and offered no evidence as to how the development plan will adversely affect the sign. Also, appellants' claims regarding potential traffic and parking issues were unsupported by any evidence. Further, appellants' interests pertaining to traffic and parking are not "substantial" for purposes of the standing analysis because these concerns are not unique to appellants, but are "abstract interests all citizens have in the outcome of the proceedings." Finally, appellants offered no evidence to support the general claim that the development plan will "fundamentally and irrevocably alter the character of the neighborhood." Thus, appellants failed to demonstrate

that they possess standing to bring this appeal.

Appellants argued that ACIDA waived any challenge to appellants' standing in this appeal because a representative for appellants participated at the Commission's March 13, 2012, public meeting on the development plan and no objection was raised by ACIDA or the Commission to the representative's participation at the meeting. In making this argument, appellants relied on the Commonwealth Court case of *Thompson v. Zoning Hearing Board of Horsham Township*, 963 A.2d 622 (Pa.Cmwlth. 2009). In *Thompson*, the Commonwealth Court held that a landowner waived any challenge to an objector's standing on appeal where the landowner failed to object to the zoning board's formal decision to grant the objector party status before the board. *Id.* at 625.

Appellants' reliance on *Thompson* was improper. Here, unlike in *Thompson*, appellants were never granted party status before the Commission. Appellants' representative merely attended the Commission's March 13, 2012, meeting and voiced his concerns pertaining to the development plan. Because the meeting was open to the public and because appellants' representative made no effort to join appellants as parties to the proceedings before the Commission, the issue did not materialize for ACIDA or the Commission to raise a standing challenge at the March 13 meeting. There was no requirement in law that ACIDA had to raise a standing challenge against appellants before the Commission as a prerequisite to raising a standing challenge on appeal.

For all of these reasons, appellants failed to demonstrate that they possessed standing to pursue this appeal. Therefore, the appeal was properly dismissed.

## Substantive Issues

I denied appellants' appeal because appellants lacked standing to challenge the Commission's decision to approve ACIDA's development plan. Nevertheless, assuming *arguendo* that appellants had standing, I addressed the substance of the claims raised by appellants and determined that all of them lacked merit. In the present appeal, appellants challenge several of my findings in this regard.

In paragraphs 7, 8 and 13 of the Concise Statement, appellants generally contend that I erred in rejecting appellants' claims that the Commission approved ACIDA's development plan in a rushed and hurried manner in an effort to prevent interested parties from participating in the approval process. Further, appellants challenge my determination that the Commission, in approving the development plan, adhered to the Pennsylvania Municipalities Planning Code (MPC) 53 P.S. §§ 10101-11202, and the City of Allentown Subdivision and Land Development Ordinance (SALDO). In their brief, appellants contended that the Commission's review process of the development plan failed to conform to the MPC and SALDO and that this failure prevented citizens, such as appellants, from participating in the review process. As part of this argument, appellants asserted that Allentown failed to timely respond to a Right-to-Know request

purportedly submitted by appellants under Pennsylvania's Right-to-Know Law, 65 P.S. §§ 67.101-67.3104. Further, appellants argued that the Commission failed to give due consideration to the development plan which was evidenced by the "paltry" nature of the Commission's review letters for the plan. Appellants contended that the review letters were "not the sort of reviews normally expected in a project of this magnitude." All of these contentions were meritless.

The Commission adhered to all of the notice provisions and procedural rules governing approval of proposed land development stated in section 10508(5) of the MPC, as well as section 1375.03 of the SALDO. Furthermore, the Right-to-Know request cited by appellants pertained to an earlier development plan submitted by ACIDA which was subsequently withdrawn. That Right-to-Know request had no bearing on the current development plan which appellants' representative admitted at the March 13, 2012, public meeting. Finally, Michael C. Hefele, Director of Planning for the City of Allentown, prepared two review letters for the development plan. Contrary to appellants' claims, the March 7 and March 12, 2012, letters were thorough and contained comprehensive analyses.

In paragraph 9 of the concise statement, appellants argue that I erred "by concluding that waivers of applicable provisions of the [SALDO] were properly and appropriately granted where there was no hardship of any kind which would justify the grant of waivers." This contention is vague in that it fails to specify what waivers the Commission improperly granted. Nevertheless, I

assume appellants refer to the waiver allowing ACIDA to obtain simultaneous approval for its preliminary and final development plans.

In their brief in support of the appeal, appellants argued that the Commission erred by simultaneously granting approval for both ACIDA's preliminary and final development plans. While the SALDO generally requires a developer to address all conditions placed on preliminary plan approval prior to submission of a final plan, Section 1371.08 of the SALDO allows an applicant to request a waiver of this requirement. In a February 28, 2012, letter to the Commission, counsel for ACIDA requested such a waiver so that preliminary and final approval of the development plans could be obtained at the same time. The Commission granted this request by letter dated March 14, 2012.

Appellants argued that the Commission abused its discretion in granting the waiver allowing simultaneous preliminary and final plan approval because ACIDA did not show that it would suffer a hardship if the waiver were not granted. Section 1371.08 of the SALDO reads:

> Where extraordinary hardships, practical difficulties or unnecessary information for review purposes may result from the strict compliance to Section 1377.24 (pertaining to final plan approval), the Planning Director may vary these requirements provided that such variance shall not have the effect of nullifying the intent and purpose of the regulations.

Here, ACIDA sought the waiver through a written

request submitted to the Allentown Director of Planning on February 28, 2012. In this letter, ACIDA described the undue hardship posed by the unique topographic conditions of the property to be developed. The waiver request was further discussed at the public meeting conducted on March 13, 2012. At the meeting, the representative for ACIDA explained that the existing development plan addressed virtually all of the implicated ordinance provisions. Thus, any changes between the preliminary and final plans would be minimal and could be discussed at one meeting and addressed through a conditional approval. *See* N.T., public meeting, 3/13/12, pp. 2, 10. After analyzing this information, the Commission acted within its discretion in determining that it was unnecessary to have a bifurcated preliminary and final plan approval process. *See Tioga Preservation Group v. Tioga County Planning Commission*, 970 A.2d 1200 (Pa.Cmwlth. 2009) (noting that a planning commission properly grants a waiver where strict enforcement of an ordinance requirement would offer "little or no benefit" to the approval process).

In paragraph 10 of the concise statement, appellants contend that I erred in not finding that the Commission acted improperly in granting ACIDA an exemption from the provisions of the ordinance for purposes of its development plan. Appellants' contentions pertaining to an alleged exemption are factually inaccurate. The Commission did not grant ACIDA any exemption from the Ordinance. *See* N.T., public meeting, 3/13/12, pp. 14, 23, 25, 26.

In paragraph 12 of the concise statement, appellants

assert that I erred in not finding that the Commission acted improperly in approving ACIDA's development plan because the plan purportedly was missing various reports, studies and information required by the SALDO. This claim lacks merit.

In their brief in support of their appeal, appellants identify six items that they claim needed to be contained in the development plan. (Appellants also made several other allegations of missing items which I was unable to address because of the vagueness of these contentions.) Contrary to appellants' claim, all of the items allegedly missing were either provided to the Commission by ACIDA, were required through conditional approval, or were not required under the law. Specifically, ACIDA provided the Commission with all of the following allegedly missing items: (1) the names and addresses of all record owners of tracts to be developed under the development project (Plan Sheet C3); (2) the location, size and invert elevations of the required sewer facilities at the project site (Plan Sheets C4 and C6); and a utility plan and profile drawings (Plan Sheets C7 and C8). Further, the Commission conditionally approved the development plan upon ACIDA's submission of the following two allegedly missing items: (1) a lot consolidation plan; and (2) "final form" engineering drawings. As to the last item, ACIDA was not required by the Commission to file "statement of adequate methods" under section 1379.01.C.

Finally, in paragraph 11 of the concise statement, appellants assert that I erred in not finding that the Commission acted unlawfully in approving the

development plan because the plan "depicted the construction of buildings over streets and the obstruction and elimination of streets which it did not own." Although this issue was mentioned in appellants' "Land Use Appeal Notice" taking the appeal to this court (the court of common pleas), appellants did not provide any argument on this issue or address it in their brief before this court. Therefore, I determined that the issue was waived and did not address it in my opinion dismissing the appeal. Because this issue was not argued before the lower court, it cannot be raised in the present appeal. *See Hempfield Township v. Hapchuk*, 153 Pa.Cmwlth. 173, 620 A.2d 668 (1993).

In sum, I properly found that the Commission adhered to the law and acted within the bounds of its discretion in approving ACIDA's development plan. Therefore, appellants' current appeal should be dismissed.