# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ellen Wright,                          :
                Appellant              :
                               :
       v.                              :   No. 190 C.D. 2021
                               :   Submitted: October 18, 2021
Town of McCandless Zoning Hearing      :
Board, K-Man Properties, LLC and       :
Town of McCandless                     :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION BY
PRESIDENT JUDGE BROBSON          FILED: December 10, 2021

Appellant Ellen Wright (Wright) appeals from an order of the Court of Common Pleas of Allegheny County (trial court). The trial court granted intervenor K-Man Properties, LLC's (K-Man) motion to quash appeal, concluding that Wright lacked standing to appeal the Town of McCandless (McCandless) Zoning Hearing Board's (ZHB) approval of two dimensional variances. For the following reasons, we now vacate the trial court's order and remand the matter to the trial court for further action.

## I. BACKGROUND

The following facts appear to be undisputed. K-Man is under a contract to buy an undeveloped parcel of land in McCandless (Property) and seeks to build a three-story-high, twenty-dwelling unit apartment complex, which will serve a mixture of semi-independent adults and traditional tenants. In February 2020,

K-Man filed an application for a variance seeking to reduce the number of parking spaces needed at the proposed apartment complex.

On March 6, 2020, Pennsylvania Governor Tom Wolf proclaimed a COVID-19 disaster emergency that affected routine state and local government activities throughout the Commonwealth.[1]  In April 2020, the General Assembly passed and Governor Wolf signed into law Act 15 of 2020, Act of April 20, 2020, P.L. 82, which, in relevant part, authorized local governing bodies to "conduct hearings, meetings, proceedings or other business through the use of an authorized telecommunications device until the expiration or termination of the COVID-19 disaster emergency."[2]  35 Pa. C.S. § 5741(a).  Thereafter, the ZHB decided to use a web conferencing platform to conduct a virtual hearing concerning K-Man's application for a variance on May 27, 2020.

Wright claims she did not have the web conferencing platform to participate in the virtual hearing.  Instead, Wright telephoned McCandless's Planning and Development Administrator, R.J. Susko, on the day of the virtual hearing and dictated a statement to be read at the virtual hearing.  (Reproduced Record (R.R.) at 222a.)  Wright's statement provided:

---

[1] Governor Tom Wolf, Proclamation of Disaster Emergency, COMMONWEALTH OF PENNSYLVANIA, OFFICE OF THE GOVERNOR (Mar. 6, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.  (last visited Dec. 9, 2021).

[2] Act 15 of 2020 also required the governing body to post advance "notice of each [hearing] conducted . . . on the entity's publicly accessible Internet website, if any, or in an advertisement in a newspaper of general circulation, or both.  Public notice shall include the date, time, technology to be used and public participation information as provided under subsection (f)."  35 Pa. C.S. § 5741(c).  Act 15 of 2020 directed that, "[t]o the extent practicable, . . . [the entity] shall allow for public participation . . . through an authorized telecommunication device or written comments . . . [that] may be submitted to the entity's physical address through United States mail or to an e-mail account designated by the entity to receive the comments."  35 Pa. C.S. § 5741(f).

2

I am opposed to granting this variance because I do not believe that there should be exceptions made for any development of this property. Specific issues related to the variance are the application does not specify the number of units. There were no materials available prior to the meeting that showed the number of units and 50 percent of how many parking spaces.

Yes, true, special needs don't drive cars, but will special needs require home health care services? And won't home health have to drive to the site and require parking spots? I request that the variance not be approved.

(*Id*. at 222a-23a.) Ms. Susko read Wright's statement during the virtual hearing and submitted it as a public comment into the record. (*Id*.) After submission of the statement, ZHB Chairman Greg Quatchak and the ZHB's attorney, Alan T. Shuckrow, engaged in the following discussion:

MR. QUATCHAK: Okay, thank you.

MR. SHUCKROW: RJ, it's Alan. Can you tell me if protocol, if you know, the woman whose comment you just read, Old Kummer Road, is that within a quarter mile, half mile, mile?

MS. SUSKO: I'm going to have to pull up a map.

MR. QUATCHAK: I can tell you, Alan, you would go out Blazier Drive to Ingomar, make a left and it would be -- depending where that address is on Old Kummer, it could be one and a half, two miles away.

MR. SHUCKROW: That's about what I thought.

MR. QUATCHAK: Does the applicant have any further information to present?

[K-MAN'S COUNSEL]: No, we do not. Thank you very much.

(*Id.* at 223a.)

The ZHB did not immediately reach a decision and continued the hearing on K-Man's application until June 24, 2020, in part so that K-Man could file a second application for a variance related to the size of the parking spots at the proposed

3

apartment complex. As part of the ZHB's discussion regarding tabling the matter, Mr. Shuckrow commented: "I don't think we are going to get anybody coming forward other than maybe the lady who already did," presumably making reference to Wright. (*Id.* at 227a.) After the June 24, 2020 hearing, the ZHB granted K-Man's applications for variances. As to Wright, the ZHB included finding of fact number 12, which merely identifies Wright, provides her address, and notes that she submitted written public comment in opposition to the applications. (*Id.* at 170a.)

Wright appealed the ZHB's decision to the trial court contending that: (1) the ZHB's public notice for the May and June 2020 hearings was inadequate; (2) the public could not review the drawings and diagrams of the proposed apartment complex in person or online in violation of Section 916.2 of the Pennsylvania Municipalities Planning Code (MPC);[3] and (3) based on her public comment, she was a party in the proceedings who should have been personally notified about the June 24, 2020 hearing. K-Man intervened and filed a motion to quash Wright's appeal for lack of standing.

The trial court held a hearing on K-Man's motion to quash in January 2021. K-Man framed the issue before the trial court as whether Wright "meet[s] the definition of an aggrieved party and therefore [is] entitled to party status and the right to file the appeal" with the trial court. (R.R. at 71a.) Wright, in response to the trial court's question about the harm she suffered resulting from the ZHB's granting of K-Man's two variances, testified:

> It harms me that the standards are not being met. There's only one C5 district . . . in [McCandless]. The density units for th[e] [P]roperty were changed from net acre to gross acre in the time that . . . K-Man . . . first became interested in th[e] [P]roperty.

---

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.2.

4

So that instead of building something that's eight units, now we're talking about something that's 28 units. So[,] it harms me when the standards are changed to accommodate a particular building.

(R.R. at 80a-81a.) The trial court found that Wright did not show "evidence of a particularized harm" and that Wright lives more than one half of a linear mile (or one and one-half miles by cartway) from the Property and is "too far removed . . . to be immediately affected by her concerns." (Trial Court Opinion dated March 11, 2021, at 1-2.) For those reasons, the trial court concluded that Wright lacked standing to appeal the ZHB's decision. This appeal followed.

## II. ISSUES

On appeal,[4] Wright argues that she has standing to appeal because she was a party to the proceedings before the ZHB and that any challenge to her standing to appeal the trial court's order was waived by K-Man's failure to object to her party status during the proceedings before the ZHB.[5]

---

[4] "This Court's standard of review of [a] trial court's order granting a motion to quash [an] appeal is limited to [determining] whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Gates v. City of Pittsburgh Historic Rev. Comm'n*, 254 A.3d 803, 808 n.6 (Pa. Cmwlth. 2021) (alterations in original) (quoting *Driscoll v. Zoning Bd. of Adjustment of Phila.*, 201 A.3d 265, 268 n.2 (Pa. Cmwlth. 2018)). "An abuse of discretion may be found only if the findings are not supported by substantial evidence, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Laughman v. Zoning Hearing Bd. of Newberry Twp.*, 964 A.2d 19, 22 n.3 (Pa. Cmwlth. 2009).

[5] Wright also argues that the ZHB's grant of the variance is void *ab initio* due to the ZHB's failure to comply with the public participation provisions of Act 15 of 2020, codified at 35 Pa. C.S. § 5741, and that the ZHB erred in granting K-Man's applications for variances by not following the requirements of McCandless's Zoning Ordinance. These issues, however, are not before the Court, as our review is limited to determining whether the trial court erred or abused its discretion when it quashed Wright's appeal for lack of standing.

5

## III. DISCUSSION

As to standing, Wright contends that, because she was unable to appear in person at the ZHB hearing, her submission of what she characterizes as written objections that were read into the record and included in the ZHB's findings of fact confers upon her party status under Section 908(3) of the MPC, 53 P.S. § 10908(3),[6] as well as standing to appeal. In support thereof, she directs our attention to this Court's decisions in *Gateside-Queensgate Company v. Delaware Petroleum Company*, 580 A.2d 443 (Pa. Cmwlth. 1990), and *Naimoli v. Zoning Hearing Board of Township of Chester*, 425 A.2d 36 (Pa. Cmwlth. 1981), for the proposition that she was a party to the proceeding before the ZHB. She also directs our attention to *Baker v. Zoning Hearing Board of West Goshen Township, Chester County*, 367 A.2d 819 (Pa. Cmwlth. 1976), and its progeny, wherein we interpreted Section 908(3) of the MPC as providing that, when a person appears before a zoning hearing board as a party without objection, that person has party status before a zoning hearing board *and* standing to appeal, because, as a party, the person necessarily has aggrieved status as a result of the adverse zoning decision.

K-Man, in response, points to decisions of our Court that recognize that "[a] person who wishes to contest a zoning approval can initiate an appeal or challenge if [s]he is a 'person aggrieved'" but, according to K-Man, apply a different standard

---

[6] Section 908(3) of the MPC provides:

> The parties to the hearing shall be the municipality, *any person affected* by the application *who has made timely appearance of record* before the [zoning hearing] board, and any other person including civic or community organizations permitted to appear by the board. The board shall have [the] power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

(Emphasis added.)

6

for determining if a person is "aggrieved" than the *Baker* line of cases. *Walters v. Zoning Hearing Bd. of Easton*, 125 A.3d 479, 482 (Pa. Cmwlth. 2015) (quoting *In re Broad Mountain Dev. Co., LLC*, 17 A.3d 434, 440 (Pa. Cmwlth.), *appeal denied*, 24 A.3d 864 (Pa. 2011)), *appeal denied*, 138 A.3d 7 (Pa. 2016). K-Man contends that there is more to a standing analysis for purposes of zoning appeals than whether a person was a party in the proceeding below, pointing to our decision in *Walters* wherein we explained that "[t]o be a 'party aggrieved' so as to have standing to appeal a zoning board decision, a person must (1) have actively participated as a party in the proceedings before the zoning board; and (2) be directly and adversely affected by the zoning board's decision." *Walters*, 125 A.3d at 482 (quoting *Lower Allen Citizens Action Grp., Inc. v. Lower Allen Twp. Zoning Hearing Bd.*, 500 A.2d 1253, 1257 (Pa. Cmwlth. 1985)). In other words, according to K-Man, a person seeking to become a party in a zoning matter must meet two requirements: (1) procedural standing, which concerns whether the person asserted her right to participate in the proceeding sufficiently early in the litigation, and (2) substantive standing, which requires that the person have a sufficient interest in the outcome of the litigation to be allowed to participate as an aggrieved person. *See Worthington v. Mount Pleasant Twp.*, 212 A.3d 582, 589-90 (Pa. Cmwlth. 2019) (citing *Miravich v. Twp. of Exeter*, 6 A.3d 1076, 1078 (Pa. Cmwlth. 2010)). K-Man contends that Wright never established party status, *i.e.*, procedural standing, in the proceedings before the ZHB, nor did she present any evidence that she was aggrieved by the ZHB's decision such that she had substantive standing.[7]

---

[7] We note that Wright does not argue that she has substantive standing independent of the ZHB's granting of the variances; rather, she argues that because she was a party before the ZHB, she has standing to appeal the ZHB's decision because it was adverse to the position she advanced at the hearing.

In order to determine whether the trial court erred or abused its discretion, we must first determine whether party status—*i.e.*, procedural standing—before a zoning hearing board is sufficient to confer standing to appeal or whether a person must have both procedural and substantive standing to appeal a decision of a zoning hearing board. An analysis of the cases relied upon by K-Man reveals that the cases which required both procedural and substantive standing were those cases that involved challenges to party status or standing made at the zoning hearing board level—not instances where party status and/or standing were not objected to at the hearing before the zoning hearing board. *See Worthington*, 212 A.3d at 593 (holding objector lacked standing before zoning hearing board because theoretical health concerns did not satisfy legal requirements to have substantial, direct, and immediate interest); *Walters*, 125 A.3d at 484-85 (holding that where zoning hearing board did not require party to enter formal appearance in writing on forms provided by board and board did not have official procedures to be followed to attain party status, objector who testified before board, was referred to by board as party without objection, and presented rebuttal evidence had party status during board proceedings and could appeal board's decision based on party status); *In re Broad Mountain*, 17 A.3d at 440-41 (holding zoning hearing board and trial court did not err in concluding that intervenors had standing when intervenors had substantial, direct, and immediate interest in potentially negative effects of turbine project due to proximity of their properties to project). K-Man cites to no cases where an individual had party status before the zoning hearing board and was required to establish substantive standing beyond a zoning decision adverse to her position in order to have standing to appeal.

8

Moreover, we note that the Pennsylvania Supreme Court, as recently as 2015, recognized the applicability of *Baker* and its progeny in the contexts of party status and standing under the MPC[8] in *Scott v. City of Philadelphia, Zoning Board of Adjustment*, 126 A.3d 938 (Pa. 2015). In *Scott*, the objector relied upon two cases— *In re Larsen*, 616 A.2d 529 (Pa. 1992), *cert. denied*, 510 U.S. 815 (1993), and *Thompson v. Zoning Hearing Board of Horsham Township*, 963 A.2d 622 (Pa. Cmwlth. 2009)—to support his contention that he was entitled to standing. The Supreme Court, in addressing the differences between zoning appeals brought pursuant to the MPC and those that arise in Philadelphia,[9] wrote:

> In *In re Larsen*, this Court applied the MPC to hold that where an individual appeared and participated before the zoning hearing board without objection by the landowner, he was a party, as defined by Section 908(3) [of the MPC], to those proceedings, and was entitled to appeal the decision as an aggrieved party. *In re Larsen*, 616 A.2d at 591. We explained that any defect with respect to standing was waived by the landowner's failure to raise the defect before the board. *Id.* at 591-92. The Commonwealth Court reiterated this holding in *Thompson*[] and further explained that[,] because the objector therein "appeared and participated as a party before the [board] without objection by the landowner, she necessarily was aggrieved by the [board's] adverse decision and has standing to appeal that decision [to the trial court]." *Thompson*, 963 A.2d at 625. In both [*In re*] *Larsen* and *Thompson*, the courts relied on *Baker* . . . , in which the Commonwealth Court explained that "[w]hile any [p]erson aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board," and held that where a resident appeared as a party before the zoning hearing board to oppose a building permit without objection by the landowner, she had a right to appeal to the trial court.

---

[8] 53 P.S. §§ 10101-11202.

[9] In *Scott*, the zoning appeal arose in the City of Philadelphia and, therefore, was governed by the Philadelphia Home Rule Charter and The Philadelphia Zoning Code.

9

*Scott*, 126 A.3d at 941 (some alterations in original). The Supreme Court further wrote:

> *Baker* was decided pursuant to Section 1007 of the MPC, which was repealed in 1988 and recodified in Section 913.3 [of the MPC, 53 P.S. § 10913.3]. Section 1007 provided that "[p]ersons aggrieved by a use or development permitted on the land of another who desire to secure review . . . shall first submit their objections to the zoning hearing board[.]" 53 P.S. § 11007 (repealed). It further provided that "'[a]ppeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued.'" *Id.*

> The landowner of the property at issue in *Baker*, which was located in West Goshen Township, Chester County, took an appeal to the zoning hearing board from a zoning officer's denial of a permit. [*Baker*,] 367 A.2d at 820. Before the board, a township resident, Baker, was present in opposition to the permit, called and cross-examined witnesses, and read a four-page closing statement, all without objection by the landowner. When the board granted the permit, Baker appealed to the trial court, which dismissed the appeal on the ground that she was not "a party aggrieved" and thus lacked standing to bring her appeal under Section 1007 of the MPC. On further appeal, the Commonwealth Court resolved the issue of standing by distinguishing between "persons aggrieved," who, pursuant to Section 1007, could take an appeal to the board, and a "party aggrieved," which, pursuant to the same section, could take an appeal from the board (to the trial court). *Baker*, 367 A.2d at 821 ("The distinction with which we are here concerned is that between 'persons aggrieved' and a 'party aggrieved[.]' While any *person* aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board.").

> The Commonwealth Court looked to Section 908(3) [of the MPC] to discern who was a party before the board[] and determined that because Baker was permitted by the board to appear as a party, without objection by the landowner, she was a party within Section 908(3). The court then examined Section 1007 and determined that *Baker* was also a "party aggrieved," and thus permitted to appeal from the board's decision to the trial court. *Id.* at 822-23 ("Having appeared and participated as a party before the [b]oard, . . . Baker was necessarily aggrieved by the adverse decision of the [b]oard. To hold

10

otherwise would reduce to a nullity for purposes of the appeal the obtaining of the status of a party before zoning hearing boards."). *See also In re Larsen*, . . . 616 A.2d 529 . . . (applying *Baker* to hold that an individual who was permitted to appear in opposition to an application by a landowner to the zoning board in Pittsburgh, to cross-examine witnesses, and to present evidence, was a party to those proceedings and was entitled to appeal the board's grant of the landowner's application as an aggrieved party).

In *Thompson*, a zoning appeal which arose in Horsham Township pursuant to the MPC, the landowner sought a use and dimensional variance from the zoning hearing board. [*Thompson*,] 963 A.2d at 623. At a hearing on the matter, the board granted party status to Thompson without objection by the landowner. *Id.* at 624. After the board granted the variances, Thompson appealed to the trial court. The landowner sought to quash the appeal, arguing that Thompson lacked standing to appeal the board's decision because he was not aggrieved by the variances. Relying on *Baker*, the trial court denied the motion to quash, reasoning that the landowner waived any challenge to Thompson's standing by failing to object when the board granted him party status. *Id.* On appeal, the Commonwealth Court affirmed, also relying on *Baker*, and concluding that "because Thompson appeared and participated as a party before the [board] without objection by [the l]andowner, he necessarily is aggrieved by the [board's] adverse decision and has standing to appeal that decision to the trial court." *Id.* at 625. The Commonwealth Court specifically rejected the landowner's reliance on *Spahn* [*v. Zoning Board of Adjustment*, 922 A.2d 24 (Pa. Cmwlth. 2007), *aff'd*, 977 A.2d 1132 (Pa. 2009),] "because that case was governed by the Zoning Code of the City of Philadelphia, not the MPC." *Thompson*, 963 A.2d at 625 n.6.

Therefore, by defining who is a party under the MPC, Section 908(3) [of the MPC] limits who may appear and participate in zoning hearings. According to *Baker*, the purpose of achieving party status before the board is to establish who is aggrieved by an adverse decision. Additionally, according to *Baker* and *Thompson*, once an objector becomes a party before the board without objection by the landowner, the objector is "necessarily aggrieved" by an adverse decision of the board. Consequently, when an objector in a municipality governed by the MPC appears and participates before the board as a party without objection, the party-objector is aggrieved and entitled to appeal the board's adverse decision. . . .

11

*Id.* at 947-48 (some alterations in original) (emphasis in original). The Supreme Court concluded, however, that because Philadelphia "is not governed by the MPC," "the MPC and cases applying it, such as *Thompson*, *[In re] Larsen*, and *Baker*, have no bearing on the distinct legislative and precedential framework applicable in Philadelphia." *Id.* at 948.

Although the Supreme Court held that *Baker* was inapplicable to zoning matters in Philadelphia, we are convinced by its opinion that *Baker* and its progeny provide the correct analysis to be applied to this situation governed by the MPC, because Wright's standing was not challenged at the ZHB level and is only being challenged on appeal. As a result, if Wright had party status before the ZHB, then Wright has standing to appeal the ZHB's decision to the trial court.

Wright contends that she became a party in the ZHB's proceeding when she submitted written objections to the proposed variances that were read into the record. (Wright's Br. at 12.) Wright further argues that, because she was unable to appear in person due to the COVID-19 pandemic and to participate virtually where she did not have access to the web conferencing platform, the reading of her objections to the ZHB constituted her timely appearance of record. (*Id.*) Wright directs our attention to *Naimoli*, *Gateside-Queensgate Company*, and *Thompson* in support of her argument.

The trial court, because it applied the wrong legal analysis, did not consider whether Wright had attained party status through the submission of her statement during the hearing. Wright argues that, given the totality of the circumstances—*i.e.*, improper public notice, lack of access to documents, Wright's inability to use the conferencing platform utilized by the ZHB, and her submission of a dictated objection into the record before the ZHB—she attained party status before the ZHB.

A remand to the trial court is appropriate, so the trial court may address whether Wright had party standing before the ZHB, such that she has standing to appeal this matter.

## IV.  CONCLUSION

Accordingly, we vacate the trial court's order and remand the matter to the trial court for it to consider whether Wright has standing to appeal based on party status before the ZHB.  If the trial court concludes that Wright has standing, the trial court shall address the other issues presented in Wright's appeal.

_____
P. KEVIN BROBSON, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ellen Wright, : 
               Appellant : 
           : 
       v. : No. 190 C.D. 2021
           : 
Town of McCandless Zoning Hearing : 
Board, K-Man Properties, LLC and : 
Town of McCandless : 

## O R D E R

AND NOW, this 10th day of December, 2021, the order of the Court of Common Pleas of Allegheny County (trial court) is hereby VACATED, and the matter is REMANDED to the trial court for further action consistent with the accompanying Opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, President Judge