Alfonso Marrone and Anthony Pompeo, Appellants, *v.* Robert Kalin, Diana Kalin, Philip Ritenouer, Thomas Kent, Virginia Kent, Bernard Hlister, Susan Hlister, Robert J. Bonenberger, Dolores Bonenberger, Louis Steiner, Irwin Wertz, Zelma Wertz, Morris Lindenbaum, Doris Lindenbaum, Jack Weisberger, Bernice Weisberger, Nicholas Ritunnano, Pauline Ritunnano, Joseph Rende, Joan Rende, Gilbert Rizzo, Berry Rizzo, James Barrett, Eunice Barrett, Domenic Lucchino and Rose Lucchino, Appellees.

Argued May 9, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*William G. Sutter, Jr.,* with him *Sutter & Sutter,* for appellants.

*Frank J. Lucchino,* with him *Lucchino, Gaitens & Hough,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 12, 1974:

This is an appeal from a decision and order of the Court of Common Pleas of Allegheny County which reversed the grant of a variance to Alfonso Marrone and Anthony Pompeo (Appellants) by the Zoning Board of Adjustment (Board) of the City of Pittsburgh.

On October 27, 1972, Appellants filed for building and occupancy permits which would allow them to erect two-family residential structures on a property situate at Susanna Court, Pittsburgh, Pennsylvania. The property on Susanna Court carries an R-2 zoning classification under the zoning ordinance of the City of Pittsburgh. This classification requires a thirty-foot (30) building line (set-back requirement) for dwellings in this area.

Appellants subdivided this parcel into five (5) building lots and sought to erect five (5) separate two-family dwellings. They then applied for variances to allow the erection of the dwellings with a fifteen (15) foot front yard set-back. After one hearing, Appellants amended their request and proposed a plan that would allow compliance with the thirty (30) foot set-back requirement as to one lot, and variances in set-back requirements ranging from three (3) to ten (10) feet as to the other four lots. The Board, on December 15, 1972, granted a variance which would permit a twenty-seven (27) foot set-back for one lot, a twenty-six (26) foot set-back for another, and twenty (20) foot set-back for the remaining two lots.

Being unhappy with this decision, Appellants appealed to the Court of Common Pleas of Allegheny County which reversed the Board and denied the variance. This decision is now to be resolved by us.

In a zoning case where the court below takes no additional testimony, as is the case here, review by the Commonwealth Court of Pennsylvania is limited to a determination of whether the zoning board committed an abuse of discretion or an error of law. *Brunner v. Zoning Hearing Board of Upper Makefield Township,* 12 Pa. Commonwealth Ct. 109, 315 A. 2d 359 (1974).

An applicant for a variance to a zoning ordinance has the burden of proving that unnecessary hardship exists, unique or peculiar to the applicant's property,

and that the proposed variance is not contrary to public safety, health, morals or general welfare. *AFSO Builders, Inc. v. Zoning Board of the Township of Upper Darby,* 12 Pa. Commonwealth Ct. 100, 314 A. 2d 860 (1974).

It is also well-settled that a showing of economic hardship is not sufficient to allow a variance to a zoning ordinance. *Mobil Oil Corp. v. Zoning Board of Adjustment,* 5 Pa. Commonwealth Ct. 535, 291 A. 2d 541 (1972).

We have reviewed the record and agree with the court below that Appellants did not establish that the hardship here, the topography of the property, is unique or peculiar to Appellants' property. In addition, it is to be noted that Appellants bought the property in full awareness of the existing zoning regulations, and hence they are barred from favorable considerations since the hardship herein is self-inflicted. *Albert Levin v. Zoning Hearing Board of the Township of Radnor,* 11 Pa. Commonwealth Ct. 452, 314 A. 2d 579 (1974); *C. E. Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Commonwealth Ct. 251, 310 A. 2d 444 (1973).

Order affirmed.