Evelyn B. Baker *v.* The Zoning Hearing Board of West Goshen Township, Chester County, Pennsylvania and Gino's Inc. Evelyn B. Baker, Appellant.

Argued October 8, 1976, before President Judge Bowman and Judges Crumlish, Jr. and Wilkinson, Jr., sitting as a panel of three.

*Fronefield Crawford, Jr.*, for appellant.

*Holbrook M. Bunting, Jr.*, with him, of counsel, *Trevaskis, Calhoun, Nolan, Bennett & Bunting*, for Gino's, Inc.

*Ronald M. Agulnick*, with him *Agulnick, Talierco, McShane & Supplee*, for Zoning Hearing Board.

Opinion by President Judge Bowman, December 22, 1976:

Gino's, Inc. (Gino's), intervenor before the court below and an appellee on this appeal, owns and op-

erates a "fast-food" restaurant as a nonconforming use in West Goshen Township (Township), Chester County. Adjacent to the restaurant, Gino's erected a "Ginoland," consisting of an outdoor dining area and playground apparatus. At the grand opening of the restaurant on October 20, 1973, after the "Ginoland" had been built, Gino's was advised by the Assistant Zoning Officer of the Township that such outdoor facilities were a prohibited use under the Township zoning ordinances. The "Ginoland" was then padlocked. Roughly one month later, Gino's applied for a permit to open the area, which was denied.

At the hearing on Gino's appeal to the Zoning Hearing Board (Board), Mrs. Evelyn B. Baker, a resident of the Township, was present in opposition to the permit. The Assistant Zoning Officer was called as a witness by Mrs. Baker, and the following dialogue transpired:

Mr. Bunting (for Gino's): 'Do I understand that the (Assistant Zoning Officer) is being called as a witness by Mrs. Baker?'

Mr. Agulnick (for the Board): 'I understand it that way.'

Mr. Bunting: 'All right. And she is representing herself in these proceedings?'

Mr. Agulnick: 'I understand so.'

Mr. Muhs (of the Board): 'That is proper.'

Mr. Agulnick: 'Nothing wrong with that.'

Mr. Bunting: 'I would like the record to reflect it.'

Mr. Muhs: 'Who is calling the witness?'

Mr. Bunting: 'And whether Mrs. Baker is a party to this proceeding rather than as a neighbor asking questions.'

Mr. Agulnick: 'I understand Mrs. Baker is in fact appearing in this proceeding; is that correct?'

Mrs. Baker: 'That is correct.'

No objection was ever made to Mrs. Baker's appearance as a party before the Board. Mrs. Baker then proceeded to examine her witness, and at the close of the testimony made a statement consuming four pages of record.[1]

By an order dated April 19, 1974, the Board reversed the decision of the Assistant Zoning Officer and ordered him to issue the permit necessary to open the "Ginoland."

Mrs. Baker then appealed to the Court of Common Pleas of Chester County, naming the Board as appellee. By an order dated January 14, 1976, the court below dismissed the appeal on the ground that Mrs. Baker was not a "party aggrieved" and thus lacked standing to bring her appeal under Section 1007 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11007. This appeal followed. We reverse.

Zoning appeals are governed exclusively by Article X of the MPC, 53 P.S. §11001 et seq., and we must, therefore, decide the issue of Mrs. Baker's standing within the framework of Article X as interpreted by our courts.

Because the validity of the zoning ordinance is not being challenged, and because Mrs. Baker is not the landowner, her standing to appeal is governed by Section 1007 of the MPC, which provides:

Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections

---

[1] Mrs. Baker had previously cross-examined other witnesses.

909 and 915. The submission shall be governed by the provisions of section 1005.

Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued. (Footnotes omitted.)

The distinction with which we are here concerned is that between "persons aggrieved" and a "party aggrieved." While any *person* aggrieved by a decision regarding a use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board.

Who is a party before a zoning hearing board is governed by Section 908(3) of the MPC, 53 P.S. §10908(3), which provides:

The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, *and any other person including civic or community organizations permitted to appear by the board.* The board shall have the power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose. (Emphasis added.)

From those portions of the record quoted above, it is clear that Mrs. Baker was permitted by the Board to appear as a party. No objection to her appearance as a party having been made before the Board, that issue is not before us. *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 179 A.2d 649 (1962).

Mindful of the distinction noted above, we turn to the question of whether Mrs. Baker was a "party aggrieved" under the second paragraph of Section 1007 of the MPC. We hold that she was.

In support of their contention that Mrs. Baker was not so "aggrieved," appellees rely heavily upon our decisions in *Graack v. Board of Supervisors of Lower Nazareth Township*, 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975) and *Cablevision-Division of Sammons Communications, Inc. v. Zoning Hearing Board of City of Easton*, 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974). We believe this reliance to be misplaced.

In *Cablevision, supra,* we found *nonresident* appellants to lack standing to bring an appeal to the zoning hearing board, and held that to qualify as "persons aggrieved" a "direct," "immediate," "pecuniary" and "substantial" interest in the subject matter of the litigation would be required. 13 Pa. Commonwealth Ct. at 235, 320 A.2d at 390. In *Raum v. Board of Supervisors of Tredyffrin Township*, 20 Pa. Commonwealth Ct. 426, 443 n. 13, 342 A.2d 450, 458 n. 13 (1975), we issued a caveat to the effect that that portion of our decision in *Cablevision, supra,* defining "persons aggrieved" had to be read in the context of the fact that it involved nonresidents of the Township. We were thus unconcerned in *Cablevision, supra,* with the standing to appeal by a resident such as Mrs. Baker who had already been permitted by a zoning hearing board to appear before it as a party and was thus seeking to appeal as a "party aggrieved" under the second paragraph of Section 1007 of the MPC.

In *Graack, supra,* we applied the test of *Cablevision, supra,* to resident appellants whom we held to have standing. *Graack, supra,* however, did not involve proceedings before a zoning hearing board in which the appellants appeared and participated as parties. Instead, the appellants in *Graack, supra,* who were challenging the validity of an ordinance, proceeded initially in the court of common pleas. *See*

Section 1003 of the MPC, 53 P.S. §11003. The factual posture of *Graack, supra,* therefore, makes it inapplicable to the case at hand.

We find no merit in the position advanced by the Board that a holding in favor of Mrs. Baker will result in zoning hearing boards across the Commonwealth refusing to grant party status to otherwise deserving individuals in an attempt to curtail appeals to our judicial system. While we shall not attribute so unsavory a motive to our local governing bodies, we view Section 908 of the MPC, 53 P.S. §10908, as sufficient deterrent to such actions. Under Section 908, "any person affected by the application" has a right to appear as a party. Others not so affected have a right to appear as "persons aggrieved" under Section 1007 of the MPC, if they meet the test enunciated by us in *Cablevision, supra.* Those who qualify under neither Section 908 nor Section 1007 of the MPC may be permitted to appear as parties in the discretion of the Board. Thus, those most deserving of appearing as parties before zoning hearing boards are assured of their ability to do so while others may so appear in the discretion of the boards.[2]

Having appeared and participated as a party before the Board, Mrs. Baker was necessarily aggrieved by the adverse decision of the Board. To hold otherwise would reduce to a nullity for purposes of the appeal the obtaining of the status of a party before zoning hearing boards.

---

[2] We note that the scope of review in appeals from zoning hearing boards is narrow. *See, e.g., Updegrave v. Philadelphia Zoning Board of Adjustment,* 25 Pa. Commonwealth Ct. 451, 360 A.2d 827 (1976) ; *Calantoni & Sons v. Forks Township,* 18 Pa. Commonwealth Ct. 630, 336 A.2d 910 (1975) ; *Township of Upper Moreland v. Gaunt,* 16 Pa. Commonwealth Ct. 334, 328 A.2d 556 (1974) ; *Township of Haverford v. Spica,* 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1974) ; *Marrone v. Kalin,* 14 Pa. Commonwealth Ct. 242, 322 A.2d 150 (1974).

ORDER

Now, December 22, 1976, the order of the court below is hereby reversed and these proceedings are remanded for disposition on the merits.