**Di Ambrosio v. Zoning Board of Adjustment**

*Daniel Sherman*, for appellant.
*Joseph C. Vignola*, for intervenor.
*Richard S. Kohn*, for respondent.

GUARINO, *J.*, January 4, 1980—This matter is before us on Louis Roscioli's petition to dismiss the appeal from the decision of the Zoning Board of Adjustment (board) granting him a variance. Petitioner contends (1) that the petition was untimely, (2) that appellant Guy Di Ambrosio has no standing to take the appeal, and (3) that the appeal procedure adhered to was constitutionally ineffective to sustain the appeal.

The decision of the board was rendered March 23, 1979. The petition for writ of certiorari was filed April 23, 1979. By order dated May 3, 1979, Gelfand, *J.*, the appeal was allowed. In compliance with Judge Gelfand's order of May 3, 1979, allowing the appeal, on May 8, 1979 the prothonotary issued the writ of certiorari. The petition for writ of certiorari was served on appellee the next day.

1

The statutory method of appeal must be scrupulously adhered to; an appeal must be timely taken: Christiansen v. Zoning Board of Adjustment, 1 Pa. Commonwealth Ct. 32, 271 A. 2d 889 (1970); Pine Tp. Citizens' Association v. Pine Tp. Board of Supervisors, 27 Pa. Commonwealth Ct. 533, 367 A. 2d 740 (1976). The time limitation in which an appeal must be taken is within 30 days from the time the decision of the board is rendered: Phila. Code, §14-1806. See also, Pennsylvania Municipal-

ities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §11007. In computing the time for an appeal, the countdown begins on the day following the decision. Whenever the last day for an appeal falls on a Sunday, the time is extended to the following day. See Pa.R.C.P. 106; 1 Pa.C.S.A. §1908. In this case, the last day for filing was April 22, 1979. Since this day fell on a Sunday, the petition which was filed April 23, 1979 was timely filed.

2

There is no merit to petitioner's argument that the appeal was untimely because he was not given notice that an appeal had been taken until May 9, 1979, some 46 days after the decision of the board was rendered. His contention that one who appeals from a decision of the zoning board should be required to give notice to all parties at the time he files his petition for writ of certiorari rather than after the appeal is allowed, while arguably a desirable procedure, does not present a due process violation so as to render notice in conformity with established procedure unconstitutional.

It would be unprecedented and unconscionable for the court to quash a timely appeal where appellant has scrupulously followed the procedure prescribed by the law on the basis that it would have been better to have given notice of intention to appeal a decision of the board. Section 14-1806 of the Philadelphia Zoning Code provides that:

"Such Petition shall be presented to the court within thirty days after the filing of the decision in the office of the Board.

"(2) Upon presentation of such Petition, the Court may allow a Writ of Certiorari, directed to the Board, to review such decision of the Board and

shall prescribe therein the time within which a return thereto must be made and served on the appellant's attorney, which shall not be less than twenty days and may be extended by the Court."

Within ten days of its issuance, appellant must serve all parties, including intervenor herein, with the writ: Phila. Court Rule 320; Regulation 15 of the Zoning Board. See also, Soltoff v. Zoning Board of Adjustment, 1 Phila. Interloc. Civil Opin. 98 (1974).

A party favored by a decision of the board is imputed with knowledge of the appeal procedure and he acts at his own risk if he is too hasty in implementing a decision of the board. In this case, it cannot be said that petitioner was not forewarned of the possibility that an appeal would be taken. There is a long history of similar applications for variances, all of which were, as the present application, hotly contested. Moreover, as in the previous cases, the protestants were represented by counsel before the board; a call to him could easily have ascertained the intention of appellant.

3

Appellant's standing to appeal is governed by section 14-1806 of the Phila. Code which provides in part:

"(1) Any person or persons jointly or severally aggrieved by any decision of the Board, or any taxpayer, or any officer, department, board or bureau of the City may present to a Court of record a Petition, duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality."

And section 1007 of the Municipalities Planning Code, 53 P.S. §11007, provides: "Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision . . . of any officer or agency of the municipality which has permitted the same, . . . shall first submit their objections to the zoning hearing board. . . ."

Thus, a party who may appeal a decision of the zoning board to the common pleas court must be both aggrieved and must have submitted his objection at the "zoning hearing:" Baker v. Zoning Hearing Board of W. Goshen Tp., 27 Pa. Commonwealth Ct. 602, 367 A. 2d 819, 821 (1976).

It is not contended that appellant is not an aggrieved party; what is contended is that he was not a party before the zoning board.

Section 908(3) of the Pennsylvania Municipalities Planning Code 53 P.S. §10908(3), specifies who are parties before the zoning board: "The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, . . ."

Our review of the record reveals that appellant was present at the hearings before the Zoning Board of Adjustment. His signature appears on the petition compiled by the Shawmont Civic Association which was submitted as part of the record, and that Daniel Sherman, Esq., represented the "protestants." It was not necessary that the appellant personally enter a written appearance or that he testify in order for him to be a party affected. It is sufficient that he appeared, his signature is of record as a protestant and that he was represented by counsel. See Hager v. Zoning Board of Manheim Tp., 23 Pa. Commonwealth Ct. 361, 352 A. 2d 218 (1976).

Accordingly, we enter the following

ORDER

And now, January 4, 1980, it is hereby ordered and decreed that intervening appellee's motion to dismiss petitioner's writ of certiorari is denied.