**[J-81-2022] [MO – Mundy, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| SOUTH BETHLEHEM ASSOCIATES, LP | : | No. 41 MAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court dated January |
| | : | 29, 2021 at No. 321 CD 2020 |
| | : | Affirming the Order of the Court of |
| ZONING HEARING BOARD OF | : | Common Pleas of Northampton |
| BETHLEHEM TOWNSHIP, | : | County dated February 14, 2020 at |
| PENNSYLVANIA | : | No. C48-CV-2019-6785 |
| | : | |
| | : | ARGUED: November 30, 2022 |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CENTRAL PA EQUITIES 30, LLC | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: SOUTH BETHLEHEM | : | |
| ASSOCIATES, LP | : | |

## DISSENTING OPINION

**JUSTICE DONOHUE**                                   **DECIDED: May 16, 2023**

In this discretionary appeal, Appellee Central PA Equities 30, LLC ("Appellee") sought two variances from the Zoning Hearing Board of Bethlehem Township (the "Board"). Appellant South Bethlehem Associates, LP ("Appellant") appeared at the hearing and opposed the variances sought by Appellee. After finding that Appellant had standing, the Board granted the variances. Appellant appealed to the trial court, which agreed that Appellant had standing but affirmed on the merits. However, on further appeal, the Commonwealth Court found that Appellant lacked standing to appeal because it was not an aggrieved party, and affirmed solely on those grounds. The Majority finds that Appellant was a proper party before the Board pursuant to Section 908(3) of the

Pennsylvania Municipalities Planning Code ("MPC")[1] and thus, had standing to challenge Appellee's requested variances before the Board. However, the Majority finds that in order to appeal to the trial court (and thus, subsequently to the appellate courts), Appellant was required to make a showing of aggrievement by the grant of the variances and that Appellant failed to do so.

For the reasons that follow, I respectfully disagree with the Majority's application of the traditional aggrieved party standard to find that Appellant lacked standing to secure judicial review. Consistent with longstanding precedent related to zoning appeals, I would hold that a party sufficiently establishes that they are aggrieved for purposes of appeal to the courts when they have been granted party status before the Board and the Board reaches an adverse decision. Accordingly, I must also respectfully disagree with the Majority's decision to apply Section 908(3) of the MPC, as I believe the proper course would have been to remand to the Commonwealth Court to conduct that inquiry, given its failure to do so in the first instance. In short, I believe that the trial court conducted the proper analysis into Appellant's standing to first challenge the variances before the Board and then seek judicial review of the Board's adverse decision granting the challenged variances. As such, I would vacate the order of the Commonwealth Court and remand to that court for application of the proper standard.

### I. Background

A detailed recitation of the facts and the parties' arguments is helpful to understanding the disposition that I would reach in this case. Appellant owns the Courtyard Marriot hotel located at 2220 Emrick Boulevard in Bethlehem Township, Northampton County. Appellee seeks to construct, at 2401 Emrick Boulevard, a 107-room, four-story hotel on a 3.482-acre property located approximately 1000 feet away

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, §§ 101-1202, 53 P.S. §§ 10101-11202.

from Appellant's hotel. The properties are located in the same industrial park in the "Light Industrial/Office Campus (Phased) Zoning District," where a hotel use is permitted as of right. However, per the Bethlehem Township Zoning Code ("Zoning Code"), certain requirements must be met for Appellee's proposed development. The northern and eastern sides of the property border Cook Drive and Emrick Boulevard; therefore, fifty-foot setbacks from the street rights-of-way are required. In addition, the western side borders the residential Madison Farms complex, which includes a thirty-nine-unit apartment structure with fourteen vehicular garages. The proximity of these multiple residential units within 175 feet of the proposed hotel triggered both a 150-foot setback requirement and the mandate for construction of an earth berm within the setback.

In order to be relieved from these requirements, Appellee sought two variances under the Zoning Code. The first was a dimensional variance from Section 275.91(M)(4) of the Zoning Code, which, specifically, requires a 150-foot setback from the lot lines of any dwelling, residential or agricultural district boundary, or municipal park. Appellee proposed a seventy-four-foot setback, i.e., a variance of seventy-six feet. The second variance request sought a complete waiver from Section 275.91(M)(5), which mandates the construction of the earth berm within the setback area. Appellee sought a waiver from this mandate because a utility easement for power lines along the western edge of the property precludes grading changes, which will make the construction of a berm impractical.

At a May 29, 2019 hearing before the Board, Appellee presented the testimony of two witnesses, as well as nine exhibits. In addition, Timothy Stevens, Esquire, appeared as counsel for the sole objector. When introducing himself, Attorney Stevens misidentified his client as South **Mountain** Associates, LP, rather than South Bethlehem Associates, LP. Nonetheless, the Board accepted Attorney Stevens' representation that

his client owned the Courtyard Marriott at 2220 Emrick Boulevard, located approximately two blocks away from the subject property and within the same industrial park. *Id.* at 12-13. At its first opportunity at the hearing, Appellee challenged the objector's standing because they were "not within the requisite notice under the township zoning ordinance"[2] and were "merely appearing as a competitor in opposition to another hotel being proposed." N.T., 5/29/2019, at 14. When the Board attempted to allow Attorney Stevens to participate and defer a decision on standing, counsel for Appellee, Catherine Durso, Esquire, reiterated her objection to standing, stating that "there is a difference between being able to ask questions and being given party status and standing, especially when you are more than 1000 feet away and you are a competitor." *Id.* at 34. After some discussion, the Board then overruled Appellee's objection to standing and found that Attorney Stevens' client was "a party of record." *Id.* at 34-35. As the Board explains in its present brief, such rejection was based upon its application of Section 908(3) of the MPC, which provides:

> The parties to the [zoning board] hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

53 P.S. § 10908(3).

Based on Section 908(3), the Board deemed Attorney Stevens' client a "party" and allowed him to participate. Attorney Stevens' participation at the hearing was limited to

---

[2] Section 275-12 of the Zoning Code requires that written notice of the hearing before the Board shall be provided to lot owners within 400 feet of the lot lines of the subject property. There is no dispute that Appellant's property is approximately 1000 feet away from the site of Appellee's proposed hotel and that Appellant was, thus, not entitled to automatic notice.

his cross-examination of Appellee's witnesses and legal argument in opposition to the variances. When the Board chair questioned Attorney Stevens as to whether he had any evidence he wished to present, counsel responded, "I just have my legal argument and my case law. My evidence would be my case law." N.T., 5/29/2019, at 60. Attorney Stevens also indicated that he wished to submit exhibits, but the Board rejected his request to do so because he was not presenting a witness. *Id.* at 60-61. Ultimately, although the Board was unpersuaded by Appellee's challenge to Appellant's standing, the Board voted unanimously to grant the variances over Appellant's substantive objections.

Appellant appealed to the trial court, and Appellee maintained its challenge to Appellant's standing and additionally argued that Appellant lacked standing to appeal to the trial court. The trial court found that Appellant had standing in both regards, and without taking additional evidence, affirmed the decision to grant the variances. As to standing, the court relied on caselaw from the Commonwealth Court for the proposition that standing to appeal is established by an Appellant's participation at the zoning hearing board proceedings as a party/objector. Trial Court Opinion, 2/14/2020, at 7-8 (citing *Grant v. Zoning Hearing Bd. of the Twp. of Penn*, 776 A.2d 356, 358-59 (Pa. Commw. 2001) ("[I]ndividuals who have party status before the board may seek an appeal to the trial court as a party aggrieved."); *Johnson v. Zoning Hearing Bd. of Richland Twp.*, 503 A.2d 1117, 1119 n.1 (Pa. Commw. 1986) (noting that appellants were "members of an organization known as the Richland Concerned Citizens, and appeared as objectors at the hearing before the Board")). Thus, the trial court considered whether Appellant was properly found to be a "party" before the Board based on Section 908(3) the MPC as "any person affected by the application who has made timely appearance of record before the board." *Id.* at 8 (quoting 53 P.S. § 10908(3)). Applying this standard, the trial court found

that Appellant was a party to the Board proceedings, and consequently possessed standing to appeal, because Appellant: (1) appeared at the May 29, 2019 hearing via counsel; and (2) was "affected by the application" due to its "close proximity" just "two blocks" from Appellee's property. *Id.* (quoting *Laughman v. Zoning Hearing Bd. of Newberg Twp.*, 964 A.2d 19, 22 (Pa. Commw. 2009) (stating that when a "property is located in close proximity to the subject property … , the zoning decision is presumed to have an effect on the property owner's property")). Notwithstanding this finding that Appellant was a party before the Board and thus had standing to appeal, the trial court affirmed the Board's decision to grant the variances, over Appellant's substantive objections.

Appellant appealed to the Commonwealth Court, and Appellee maintained that Appellant neither had standing to appear as a party/objector before the Board nor standing to appeal to the courts. A unanimous panel of the Commonwealth Court "affirm[ed] the [Board's] decision on different grounds than those of the trial court." *S. Bethlehem Associates, LP v. Zoning Hearing Bd. of Bethlehem Twp.*, 321 C.D. 2020, 2021 WL 303046, at *1 (Pa. Commw. Jan. 29, 2021) (non-precedential decision). Unlike the lower tribunals, the Commonwealth Court found that "the issue of standing" was "determinative," and it did not reach the substantive issues raised by Appellant pertaining to the legality of the variances. *Id.* at *1. In further contrast, the Commonwealth Court treated the present dispute as hinging on a traditional standing inquiry. It did not consider the impact of the Board's finding that Appellant was a "party" pursuant to the MPC and Zoning Code and that Appellant did not prevail before the Board. In fact, the Commonwealth Court did not mention the MPC at all, let alone cite any provision of it or reference its definition of "party."

Rather, with regard to standing, the Commonwealth Court explained that "[o]ther than municipalities, persons who fail to appear or otherwise object before the zoning hearing board lack standing and cannot appeal an adverse decision to the trial court." *Id.* at *2 (citing *Leoni v. Whitpain Twp. Zoning Hearing Bd.*, 709 A.2d 999 (Pa. Commw. 1998)). Additionally, the Commonwealth Court stated, based solely on citation to our decision in *Spahn v. Zoning Board of Adjustment*, that "a party must demonstrate that he or she is an aggrieved person in order to have standing to appeal*." Id.* (citing *Spahn v. Zoning Bd. of Adjustment*, 977 A.2d 1132, 1149 (Pa. 2009)). Further, the court explained that while an adjoining neighbor who testifies in opposition to an application generally will have standing, more than mere proximity to the property is required to establish aggrieved party status. *Id.* (citing *Soc'y Created to Reduce Urban Blight (SCRUB) v. Zoning Hearing Bd. of Adjustment of the City of Phila.*, 951 A.2d 398, 404 (Pa. Commw. 2008); *In re Application of Brandywine Realty Tr.*, 857 A.2d 714 (Pa. Commw. 2004)). To be aggrieved, a person must have a substantial, direct, and immediate interest in the matter. *Id.* (citing *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975)).

As the above demonstrates, the Commonwealth Court simply drew a distinction between standing to appear before the Board as a party/objector (by citation to *Leoni*) and standing to appeal to the courts (by citation to *Spahn*, *SCRUB*, etc.). However, although the parties presented distinct arguments as to standing to appear as a party/objector and standing to appeal, the Commonwealth Court did not specify whether it conducted these distinct inquiries, and it did not further elaborate upon the distinction. Apparently in regard to Appellant's standing to appear before the Board, the court noted that Appellant was neither Appellee's next-door neighbor nor within a radius to receive automatic notification of the application. *Id.* (citing N.T., 5/29/2019, at 12-13). Rather,

the court observed, counsel only asserted in support of standing that Appellant's proximity established an "implied interest in the current applicant's intent to place a hotel just two blocks away from our hotel." *Id.* (quoting N.T., 5/29/2019, at 13). On the other hand, the Commonwealth Court acknowledged that Appellant participated at the Board hearing, "limited to its attorney's cross-examination of Appellee's witnesses and legal argument in opposition to the variances," and that the Board accepted counsel's representation that his client owned the Courtyard Marriott at 2220 Emrick Boulevard. *Id.* (citing N.T., 5/29/2019, at 12-13). As such, the Commonwealth Court did not make a finding that Appellant was not a proper party/objector before the Board.

Relative to standing to appeal the Board's decision, the Commonwealth Court explained that it had previously held that a zoning appeal cannot be used as a method to deter free competition, but that a competitor is not precluded from establishing aggrievement under such precedent. *Id.* (citing *In re: Farmland Indus., Inc.*, 531 A.2d 79, 84 (Pa. Commw. 1987)). To establish aggrievement in such a case, the asserted negative impact must originate from the variances sought and not simply from the competition expected from an incoming business. *Id.* Absent such aggrievement, the court stated it would reject a competitor's use of the zoning process "to impede the location of a competitor in its trading area." *Id.* (citing *In re: Farmland Indus., Inc.*, 531 A.2d at 84). The court found that Appellant "failed to articulate, let alone substantiate a particular harm that it would suffer from the reduced setbacks, nor from the waiver of the berm requirement." *Id.* The court reiterated that Appellant's property did not border the proposed site and that Appellant did not establish that it would be able to view either the reduced setback or the absence of an earth berm from its property. *Id.* As such, the Commonwealth Court concluded that Appellant "failed to meet its burden to establish

standing" and therefore declined to address Appellant's substantive objections to Appellee's application. *Id.*

In sum, the Commonwealth Court was faced with two questions: (1) whether Appellant had standing to appear before the Board as a party/objector and (2) whether Appellant had standing to appeal to the trial court. The Commonwealth Court only decided that Appellant did not have standing to appeal to the trial court because it was not aggrieved by Appellee's requested variances. The Commonwealth Court did not find that the Board erred in finding that Appellant was a proper party/objector with standing to oppose the variances at the May 29, 2019 Board hearing. This fact notwithstanding, the Commonwealth Court affirmed the trial court's order affirming the Board's grant of the variances, albeit "on different grounds than those of the trial court." *Id.*[3]

Appellant petitioned this Court for discretionary review, alleging, among other reasons, that the Commonwealth Court's standing inquiry was deficient pursuant to the MPC. We granted review of the following two issues:

> (1) Whether the Commonwealth Court of Pennsylvania erroneously applied an aggrieved party standard that was repealed by the legislature and replaced by a provision granting [Appellant] the right to appeal since it was deemed a party and opposed the proposed zoning relief during the underlying [zoning hearing board] hearing.[4]

---

[3] I question the appropriateness of the Commonwealth Court's disposition. It did not consider the merits of the appeal because of its conclusion that Appellant lacked standing. Under the circumstances, the appropriate disposition was dismissal of the appeal.

[4] The Majority limits its analysis to consideration of whether Appellant had traditional standing to appeal to the courts, see Majority Opinion at 4 ("We granted allocatur limited to whether the Commonwealth Court erred in holding that Appellant lacked standing to seek judicial review"), although it also seems to accept the Board's conclusion that Appellant was a party pursuant to Section 908(3). *See id.* (citing N.T., 5/29/19, at 34-35) ("The 'any other person' language is quite broad, and while we need not determine its limits (if any) at this juncture, the record reflects Appellant attained objecting-party status before the Board pursuant to this provision."). However, the first issue over which we (continued…)

> (2) Whether the Commonwealth Court of Pennsylvania erroneously entered an order dismissing the appeal due to lack of standing pursuant to [Pennsylvania Rule of Appellate Procedure] 1114(b)(7)] where [Appellant,] who was located only two (2) blocks from the subject property[,] had a right to an appeal even if an aggrieved party standard is applied.

*S. Bethlehem Associates, LP v. Zoning Hearing Bd. of Bethlehem Twp.*, 275 A.3d 484 (Pa. 2022) (per curiam).[5]

## II. Parties' Arguments

In support of its argument that the Commonwealth Court erred by concluding that it lacked standing, Appellant focuses upon the MPC as the basis for standing to appear before a zoning board. It highlights that the General Assembly repealed the portions of the MPC that required application of an "aggrieved party" standard in favor of an "affected party" standard, as was applied by the Board and trial court. Specifically, Appellant argues that Section 1007 of the MPC previously provided for an aggrieved party standard, but that section, along with Sections 1003 to 1011 of the MPC, 53 P.S. §§ 11003-11011, were repealed and replaced on December 21, 1988. Appellant maintains that Section 908 now governs standing in relation to zoning board appeals and that through Section 908, the General Assembly broadened the standing to appeal a zoning decision to any party opposing the granted zoning relief at the time of the zoning board hearing. *See* 53 P.S. § 10908(3) & (9). Appellant observes that Section 908(3) of the MPC provides that

---

granted allocatur, and the accompanying argument presented by Appellant, encompasses the question of the application of Section 908(3). *See* infra pp. 10-11 (Appellant's argument regarding Section 908(3)) & pp. 15-18, 23-25 (explaining that "party" status under Section 908(3) is a prerequisite to standing to appeal to the courts).

[5] The language of the first question over which we granted review (i.e., the reference to "the right to appeal") further reflects our conclusion that the Commonwealth Court's decision was based solely on a finding that Appellant lacked standing to appeal to the trial court.

"the parties to the [zoning board] hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board." Further, Section 908(9) refers to the right of a non-prevailing party to appeal to a court of competent jurisdiction.

Applying the "affected party" standard set forth in Section 908(3), Appellant maintains that the record establishes that Appellant owns a competing hotel within two blocks of the subject property and that Appellant is, therefore, affected by the application. Further, Appellant notes that it timely made an appearance of record before the Board at the May 29, 2019 hearing through counsel, counsel's mistaken identification of his client notwithstanding. In addition, Appellant explains that the record also reflects that Appellant was a "person … permitted to appear by the [zoning hearing] board," which alone satisfies Section 908(3)'s standing requirement. *See* N.T., 5/29/2019, at 33-34; 53 P.S. § 10908(3). Appellant faults the Commonwealth Court for disregarding these facts and instead relying upon authority that predated the current provisions of the MPC to find that Appellant lacked standing. Appellant asks the Court to vacate the order of the Commonwealth Court and remand the matter for consideration of the merits of Appellant's challenge to the requested variances.[6]

The Board, as a technical appellee, maintains that it correctly determined that Appellant had standing to appear before it at the May 29, 2019 zoning hearing in opposition to Appellee's request for two dimensional variances. First, the Board agrees

_____

[6] Alternatively, Appellant argues that even if the aggrieved party standard is applied, the Commonwealth Court erred in dismissing the appeal due to a lack of standing because Appellant's hotel is located only two blocks from the subject property, and testimony was elicited from Appellee's expert that a smaller hotel could be built or other uses could have been employed at the subject property in a manner more consistent with the existing zoning ordinance regulations, which would be less detrimental to Appellant's hotel.

with Appellant that Appellant appeared at the May 29, 2019 Board hearing through its legal counsel, Attorney Stevens, and that his misidentification of his client is immaterial. Second, the Board explains that its standing determination was properly predicated upon its review of Section 275-12 (E) of the Zoning Code, which defines a party in precisely the same manner as Section 908 of the MPC:

> Parties. The parties to the hearing shall be the Township, any person affected by the application who has made timely appearance of record before the Zoning Hearing Board and any other person including civic or community organizations permitted to appear by the Zoning Hearing Board. The Zoning Hearing Board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the Zoning Hearing Board for that purpose.

Bethlehem Township Zoning Code, § 275-12 (E). *See also* 53 P.S. § 10908(3).

The Board notes that while the MPC and Zoning Code do not define the term "person," Pennsylvania courts have consistently held with regard to zoning appeals, that a corporation is a legal person that is separate and distinct from its shareholders. *Bradley v. Zoning Hearing Bd. of New Milford*, 63 A.3d 488, 492 (Pa. Commw. 2013) (citing *Barium Steel Corp. v. Wiley*, 108 A.2d 336, 341 (Pa. 1954)). Further, the Board explains that its determination at the May 29, 2019 hearing that Appellant had standing was predicated upon two factors: (1) Appellant entered its timely appearance at the time of the initial hearing, *see Appeal of Greco*, 254 A.2d 6, 7 (Pa. 1969) ("There is but one way to become a party litigant in a court and that is by appearing in the proceedings."); and (2) the Board was convinced by Appellant's argument at the hearing that it was "affected by the application" because Appellant owns the hotel located approximately two blocks from the proposed construction site. The Board notes that it was cognizant of the fact that when a "property is located in close proximity to the subject property … the zoning decision is presumed to have an effect on the property owner's property" as a matter of

law. *Laughman*, 964 A.2d at 22. Thus, because Appellant satisfied the definition of "party" under the MPC and Zoning Code, the Board stands by its finding that Appellant had standing to appear before it as a party/objector. As such, the Board maintains that Appellant, as a party, was free to appeal the Board's decision to the courts. On the other hand, the Board stands by its decision to grant the variances and, therefore, urges this Court to reverse the Commonwealth Court only with regard to Appellant's standing.

Appellee maintains that the Commonwealth Court was correct to apply the aggrieved party standard. Appellee contends that Section 908 of the MPC did not broaden standing. In support of its claim that the aggrieved party standard is the only applicable standard, Appellee points to Section 913.3 of the MPC, which is entitled "[p]arties appellant before the board" and provides that "[a]ppeals under [S]ection 909.1(a)(1), (2), (3), (4), (7), (8) and (9) may be filed with the board in writing by the landowner affected, any officer or agency of the municipality, or any person aggrieved." *Id.* § 10913.3 (footnote omitted). *See also* 53 P.S. § 10909.1(a)(1), (2), (3), (4), (7), (8), (9) (relating to the zoning board's jurisdiction to hear certain types of appeals). Appellee also points to Section 1002.1-A(c) of the MPC, which provides that "[a]ppeals under this section shall only be permitted by an aggrieved person who can establish that reliance on the validity of the challenged decision resulted or could result in a use of property that directly affects such person's substantive property rights." 53 P.S. § 11002.1-A(c).

Appellee then explains that to establish "aggrieved" status, a party must have a substantial, direct and immediate interest in the claim sought to be litigated. *Laughman*, 964 A.2d at 22. A substantial interest is one in which there is some discernable adverse effect to some interest other than the abstract interest all citizens have. *Pittsburgh Trust for Cultural Res. v. Zoning Hearing Bd. Adjustment for the City of Pittsburgh*, 604 A.2d 298, 303 (Pa. Commw. 1992). A direct interest requires a showing that the matter

complained of causes harm to the parties' interest. *Id.* Immediacy requires that the interest is something more than a remote consequence and centers on a causal nexus between the action complained of and the injury to the party challenging it. *Id.*

Applying the aggrieved party standard, Appellee argues that Appellant has no substantial, direct and immediate interest but rather, has pursued an improper land use appeal simply to avoid commercial competition from another hotel. Appellee explains that Appellant does not have a direct interest in the requested relief because Appellant would not be impacted by the setback and earthen berm variances, which are along a common property line with Madison Farms, an unrelated development.[7] Appellee highlights that Appellant's property does not adjoin its property and that Appellant's property is not located within the radius to have received the required automatic notification of Appellee's zoning hearing. Further, Appellee alleges that at the Board hearing, Appellant did not testify, did not put on any witnesses, and did not present evidence or argument regarding how it would be harmed by the requested variances, but instead admitted that its objections were based on competition from a new hotel. Thus, Appellee insists that Appellant failed to show that it would be affected by the requested relief, much less that Appellant is aggrieved.

Appellee additionally focuses on Attorney Stevens' identification of his client at the May 29, 2019 Board hearing as South Mountain Associates, LP. Appellee notes that South Mountain Associates is an active Pennsylvania limited partnership, is not a party to this appeal and is not the Appellant. Building on this premise, Appellee maintains that although Appellant filed the subsequent appeals of the Board's grant of the variances to the trial court, Commonwealth Court and this Court, Appellant did not participate in the

---

[7] Appellee notes that no one connected with Madison Farms appeared at the May 29, 2019 Board hearing to object to the proposed variances.

May 29, 2019 Board hearing.[8]  Thus, Appellee concludes that the Commonwealth Court properly determined Appellant failed to show that it had standing to file this appeal. Alternatively, Appellee submits that even if this Court disagrees with the Commonwealth Court, Appellant lacks standing to bring the present appeal under Pa.R.A.P. 501, on the ground that Appellant was not aggrieved by the Commonwealth Court's order.

### III. Analysis

The questions raised in this appeal involve the appropriate standard to be applied in determining the standing of a party to object to a request for relief from a zoning hearing board.  Although the Commonwealth Court's opinion is somewhat muddled in this regard, the answer to the predicate question of standing before the Board controls the subsequent question of standing to appeal to the Common Pleas and Commonwealth Courts.

Issues involving standing present a pure question of law.  *Fumo v. City of Phila.*, 972 A.2d 487, 496 (Pa. 2009) (citing *In re Milton Hershey Sch.*, 911 A.2d 1258 (Pa. 2006)).  As with all questions of law, this Court's standard of review is de novo and its scope of review is plenary.  *Gorsline v. Bd. of Supervisors of Fairfield Twp.*, 186 A.3d 375, 385 (Pa. 2018).  In deciding this appeal, an interpretation of the MPC is required guided by the Statutory Construction Act.  1 Pa.C.S. §§ 1501–1991.  The Act provides that a court's proper role in interpreting and construing a statute is to determine the intent of the General Assembly.  1 Pa.C.S. § 1921(a).  Generally, when the language of a statute is clear and free from all ambiguity, a court should not disregard the letter of the statute in order to pursue its spirit.  1 Pa.C.S. § 1921(b).  When the words of a statute are unambiguous, the plain language is the "paramount indicator of legislative intent." *Snyder*

---

[8]  I will not further consider this argument.  The record is clear that the Board understood the proper identity of Appellant in the proceedings.

*Bros., Inc. v. Pa. Pub. Util. Comm'n*, 198 A.3d 1056, 1071 (Pa. 2018), *order amended on reconsideration*, 203 A.3d 964 (Pa. 2019).

"The requirement of standing under Pennsylvania law is prudential in nature, and stems from the principle that judicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract." *City of Phila. v. Commonwealth*, 838 A.2d 566, 577 (Pa. 2003) (citing *In re Hickson*, 821 A.2d 1238, 1243 (Pa. 2003)). As this Court more recently explained:

> The touchstone of standing is "protect[ing] against improper plaintiffs." *In re Application of Biester*, [] 409 A.2d 848, 851 ([Pa.] 1979). To do so, courts require a plaintiff to demonstrate he or she has been "aggrieved" by the conduct he or she challenges. *In re Hickson*, [] 821 A.2d 1238, 1243 ([Pa.] 2003). To determine whether the plaintiff has been aggrieved, Pennsylvania courts traditionally examine whether the plaintiff's interest in the outcome of the lawsuit is substantial, direct, and immediate. *Robinson Twp.,* [*Washington Cnty. v. Commonwealth*,] 83 A.3d [901,] 917 [(Pa. 2013)]. "A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative." *Commonwealth, Office of Governor v. Donahue*, [] 98 A.3d 1223, 1229 ([Pa.] 2014).

*Firearm Owners Against Crime v. Papenfuse*, 261 A.3d 467, 481 (Pa. 2021).

As discussed by Appellee (but overlooked by the Majority), standing to appeal to this Court and the Commonwealth Court implicates Pennsylvania Rule of Appellate Procedure 501, which provides in full that "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Pa.R.A.P. 501.[9] Although Rule 501

---

[9] I note that the Rules of Appellate Procedure do not apply to the courts of common pleas vested with jurisdiction to decide an appeal from local agency adjudications unless that (continued…)

references aggrievement, such aggrievement is generally established by virtue of the fact that a party did not prevail before the lower court. The requirement prevents a prevailing party from filing an appeal and therefore placing the appellate court in the position of providing an impermissible advisory opinion. *United Parcel Service, Inc. v. Pa. Pub. Util. Comm'n*, 830 A.2d 941, 948 (Pa. 2003). Put simply, pursuant to Rule 501, a prevailing party cannot be aggrieved by a grant of relief, while in general, a non-prevailing party is obviously aggrieved by an adverse decision. *See, e.g.*, *Almeida v. W.C.A.B. (Herman Goldner Co.)*, 844 A.2d 642, 644 (Pa. Commw. 2004) (holding, in spite of claimant's objection to the WCJ's finding that claimant did not suffer a disc herniation, claimant could not be aggrieved without diminution in his benefits, unless subsequently altered by some further decision and order); *Interest of K.C.*, 156 A.3d 1179, 1182 (Pa. Super. 2017) (finding government agency demonstrated it was an aggrieved party because the trial court denied it the full relief requested).

Although not governed by Rule 501, the same has long been true of appeals from zoning board decisions to the trial court. In fact, as the trial court noted, it is a common refrain in Pennsylvania zoning jurisprudence that standing to appeal a zoning board's decision is established when it is based upon the appellant's unsuccessful participation at the zoning hearing board proceedings as a party/objector. *See, e.g.*, *In re Larsen*, 616 A.2d 529, 592 (Pa. 1992) (per curiam) (explaining that when a person is permitted to appear in opposition to an application to a zoning hearing board and permitted to cross-examine witnesses and present evidence, he or she is a party to those proceedings and is entitled to appeal an adverse decision as an aggrieved party), *superseded on other grounds by constitutional amendment as stated in In re Angeles Roca First Judicial*

---

court has specifically adopted those rules. *Thompson v. Zoning Hearing Bd. of Horsham Twp.*, 963 A.2d 622, 625 n.6 (Pa. Commw. 2009).

*District Philadelphia Cnty.*, 173 A.3d 1176, 1184 (Pa. 2017); *Thompson v. Zoning Hearing Bd. of Horsham Twp.*, 963 A.2d 622, 625 (Pa. Commw. 2009) (holding that because Thompson appeared and participated as a party before the board without objection by the landowner, he necessarily was aggrieved by the Board's adverse decision and had standing to appeal that decision to the trial court, even though Thompson had no direct, immediate, substantial or pecuniary interest in the matter); *Grant*, 776 A.2d at 358-59 ("[I]ndividuals who have party status before the board may seek an appeal to the trial court as a party aggrieved."); *Baker v. Zoning Hearing Bd.*, 367 A.2d 819, 823 (Pa. Commw. 1976); *Active Amusement Co. v. Zoning Bd. of Adjustment*, 479 A.2d 697, 700 (Pa. Commw. 1984) (holding that the board's permitting Active to appear before it through its counsel qualified Active under the MPC as a "party" and the adverse decision of the board rendered Active a party "aggrieved" for purposes of appeal to the courts). In other words, a non-prevailing party before the zoning board is, in essence, automatically "aggrieved" (i.e., establishes an interest that is substantial, direct, and immediate) for purposes of appeal to the courts by virtue of the adverse decision reached by the zoning board.[10]

This longstanding body of caselaw notwithstanding, the Commonwealth Court found that Appellant lacked standing to appeal to the trial court because it did not satisfy the traditional test for standing, i.e., that its interest was substantial, direct and immediate. Specifically, the Commonwealth Court found that Appellant lacked standing to appeal the

---

[10] The Majority posits that in relevant part, the MPC is "silent on the prerequisites for appealing to court[,]" and "that the Legislature intended for the courts of this Commonwealth to determine for themselves who would possess standing to initiate judicial proceedings to review a final decision rendered by a local zoning board." *See* Majority Opinion at 6-7. If the General Assembly so intended, then this long line of caselaw demonstrates that the courts of this Commonwealth long ago determined that such standing to appeal to the trial court would be conferred consistent with Pa.R.A.P. 501 to a non-prevailing party before the board.

Board's decision to the trial court because Appellant did not establish that it was aggrieved by the grant of the specific variances at issue. To require such a showing by Appellant, the court relied on *Spahn* for the proposition that "a party must demonstrate that he or she is an aggrieved person in order to have standing to appeal" to the trial court. *S. Bethlehem Associates, LP*, 2021 WL 303046, at *1 (citing *Spahn*, 977 A.2d at 1149). This reliance was misplaced. In *Spahn*, the appeal arose from the General Assembly's enactment of Section 17.1 of the First Class City Home Rule Act ("Home Rule Act"), 53 P.S. § 13131.1.[11] The specific issues raised in the appeal were whether the General Assembly removed general taxpayer standing from the Philadelphia Code by enacting Section 17.1 of the Home Rule Act; whether such action violated the single subject rule of the Pennsylvania Constitution; and whether the Appellants had standing to pursue zoning challenges "under traditional notions of standing." *Spahn*, 977 A.2d at 1136. This Court agreed with the Commonwealth Court that following the enactment of Section 17.1, taxpayer standing was no longer viable under the Philadelphia Zoning Ordinance. *Id.*

Relevant for present purposes, in a footnote, the *Spahn* Court stated:

> Appellants SCRUB and the civic organizations also assert that they have standing because they participated in the hearings before the [Philadelphia zoning b]oard. According to Appellants, the Commonwealth Court has allowed standing to a party based upon mere participation as objectors before a zoning board. *See Johnson v. Zoning Hearing Bd. of Richland Twp.*, [] 503 A.2d 1117 ([Pa. Commw.] 1986); *Baker v. Zoning Hearing Bd. of West Goshen*, 367 A.2d 819 (Pa. Commw. 1976). This argument, however, fails to acknowledge the effect of Section 17.1, which, as discussed previously, limited

---

[11] Section 17.1 provides that "[i]n addition to any aggrieved person, the governing body vested with legislative powers under any charter adopted pursuant to this act shall have standing to appeal any decision of a zoning hearing board or other board or commission created to regulate development within the city. As used in this section, the term 'aggrieved person' does not include taxpayers of the city that are not detrimentally harmed by the decision of the zoning hearing board or other board or commission created to regulate development." 53 P.S. § 13131.1.

> standing to "aggrieved persons" as defined by *William Penn*
> and its progeny.

*Id.* at 1150 n.12.

The *Spahn* Court's stated reason for rejecting the previously well-established party-status based standing to appeal a zoning board decision and instead requiring an additional showing of traditional aggrievement was solely based on Section 17.1. Pertinently, the *Spahn* Court provided the following interpretation of Section 17.1:

> The language of this section is clear. The intent of Section 17.1 was to give the specific power of standing to appeal a decision of a zoning hearing board **within a city of the first class** to the governing body vested with legislative powers and to "aggrieved persons." Notably, the statute does not define the term "aggrieved person" except to state what an aggrieved person is not—a taxpayer that has not been detrimentally harmed by a zoning decision, i.e., taxpayers generally. Moreover, Section 17.1 is contained in the First Class City Home Rule Act and **Philadelphia presently is the only city of the first class in Pennsylvania.** Thus, the plain language of the section leads to the inescapable conclusion that the General Assembly intended to limit standing to appeal a zoning decision **in the City** to two classes—the governing body and aggrieved persons—while specifically excluding the broader category of taxpayers.

*Id.* at 1143 (emphasis added).

Obviously, Section 17.1 and *Spahn* only apply to cities of the first class in the Commonwealth, i.e., Philadelphia. Our decision in *Spahn* does not impact the analysis in the present case, and the Commonwealth Court's reliance upon it was misplaced. Therefore, I would reaffirm the longstanding rule that a non-prevailing objector may establish standing to appeal to the trial court when the objector has obtained party status before the zoning hearing board. Thus, I would hold that the Commonwealth Court erred in requiring Appellant to prove that it was traditionally aggrieved by the Board's grant of the variances to Appellee by establishing a substantial, direct and immediate interest in the issuance of the variances. Rather, the question of whether Appellant had standing to

appeal to the trial court (and in turn, to the Commonwealth Court and this Court pursuant to Rule 501) should be answered affirmatively if the two established conditions are met: (1) the Board properly allowed Appellant to appear and participate at the hearing; and (2) Appellant did not prevail before the Board.

Appellee argues that Section 913.3 of the MPC[12] governs. Appellee's Brief, 5/31/2022, at 9-10. However, Appellee fails to recognize that the Board hearing at issue was an original proceeding and not an appeal of a prior decision by a municipal officer. Section 913.3 only applies to the latter situation. The first appeal in the course of these proceedings, and thus, first stage at which Appellant was an appellant, was in its appeal to the trial court. As the trial court explained, by its plain terms, Section 913.3 "only governs appeals before the zoning hearing board," and further, does not apply to "appeals before the courts of common pleas." Trial Court Opinion, 2/14/2020, at 7 n.9.

As to standing to appeal to the trial court, Appellee argues that Appellant's appeal rights are controlled by Section 1002.1-A(c) of the MPC. Appellee's reliance here is misplaced. Section 1002.1-A applies only to "all appeals challenging the validity of a land use decision on the basis of a defect in procedures prescribed by statute or ordinance."

---

[12] Section 913.3 provides:

§ 10913.3. Parties appellant before the board

Appeals under section 909.1(a)(1), (2), (3), (4), (7), (8) and (9)[1] may be filed with the board in writing by the landowner affected, any officer or agency of the municipality, or any person aggrieved. Requests for a variance under section 910.2[2] and for special exception under section 912.1[3] may be filed with the board by any landowner or any tenant with the permission of such landowner.

[1] 53 P.S. § 10909.1(a)(1), (2), (3), (4), (7), (8), (9).
[2] 53 P.S. § 10910.2.
[3] 53 P.S. § 10912.1.

53 P.S. § 10913.3.

53 P.S. § 11002.1-A(a). Section 1002.1-A(c) provides that "[a]ppeals under this section shall only be permitted by an aggrieved person who can establish that reliance on the validity of the challenged decision resulted or could result in a use of property that directly affects such person's substantive property rights." *Id.* § 11002.1-A(c). Appellant raises no such procedural defect claim, such as, for example, a failure to provide any notice allegedly required by the MPC. Rather, Appellant has raised substantive challenges to the Board's grant of the variances. Thus, Section 1002.1-A(c) and its aggrievement requirement are simply not implicated.

Appellant urges that the Board and trial court correctly determined its standing to participate in the Board hearing based on Section 908(3), which provides:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

*Id.* § 10908(3).

I agree with the Majority to the extent that it finds that the Board was correct to employ Section 908(3). *See* Majority Opinion at 5. The language of the MPC is clear.[13] The MPC provides that the procedures set forth in Article X-A are the "exclusive mode for securing review of any decision rendered pursuant to Article IX." 53 P.S. § 11001-A.

---

[13] As I would find that the present language of the MPC is unambiguous as to the proper inquiry into Appellant's standing, there is no need to consider the effect of former Article X, which included multiple references to aggrievement and the repeal of which Appellant heavily relies. When a statute is clear and unambiguous, its plain language is the best indicator of legislative intent. *Snyder Bros., Inc.*, 198 A.3d at 1071. Thus, there is no need to resort to other sources such as former versions of the MPC. *Cf.* 1 Pa.C.S. § 1921(c) ("When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters … [t]he former law, if any, including other statutes upon the same or similar subjects.").

Within Article IX, the procedure for hearings, including who may be a "party," before the zoning hearing board is set forth, under the title "Hearings," in Section 908 of the MPC, 53 P.S. § 10908. Section 908 contains no references to aggrievement and does not use any form of the word "aggrieved." Instead, Section 908(3) defines parties as: the municipality, a person affected by the application who has made timely appearance before the Board, and any other person including civic or community organizations permitted to appear before the Board.

On the other hand, I disagree with the Majority's decision to allow the Board's application of Section 908(3) in this case to stand. Given my feelings regarding standing to secure judicial review, I would remand to the Commonwealth to apply Section 908(3), given its failure to consider Section 908(3) in any manner. On the other hand, as the Majority concludes that a Section 908(3) party must additionally prove aggrievement to secure judicial review, the Majority finds that Appellant satisfied Section 908(3)'s definition of party (and thus, its standing to challenge the variances before the Board) but affirms the Commonwealth Court's dismissal of Appellant's appeal for lack of standing. The Majority implies that the Board correctly found that Section 908(3) was satisfied based on the provision that a party "shall be … any other person including civic or community organizations permitted to appear by the board." *See* Majority Opinion at 5 (quoting 53 P.S. § 10908(3)). *See id.* (citing N.T., 5/29/19, at 34-35) ("The 'any other person' language is quite broad, and while we need not determine its limits (if any) at this juncture, the record reflects Appellant attained objecting-party status before the Board pursuant to this provision.")). However, I believe this issue requires further consideration of whether the ejusdem generis doctrine limits application of this provision to "any other person" of the same class as "civic or community organizations." Notwithstanding this interpretative issue, it is possible that the Board correctly concludes that Appellant was a "person

affected by the application who has made timely appearance of record before the board."

53 P.S. § 10908(3).

In my view, the question as to whether Appellant met one of these requisites to become a party to the hearing under Section 908 should instead be directed to the Commonwealth Court in the first instance. If the question is answered in the affirmative by that court, then Appellant should be found to have standing to appeal to the trial court because Appellant did not prevail before the Board.[14]  *See, e.g.*, *Larsen*, 616 A.2d at 592; *Thompson*, 963 A.2d at 625; *Grant*, 776 A.2d at 358-59; *Baker*, 367 A.2d at 823; *Active Amusement Co.*, 479 A.2d at 700.[15]  Because Appellant did not prevail in the trial court,

---

[14]  As the Commonwealth Court aptly stated in *Baker*:

> Having appeared and participated as a party before the [b]oard, [the appellant] was necessarily aggrieved by the adverse decision of the [b]oard.  To hold otherwise would reduce to a nullity for purposes [of] appeal [the] obtaining of the status of a party before zoning hearing boards."

*Baker*, 367 A.2d at 823.

[15]  I am unpersuaded by the Majority's reliance on *Hickson*.  *See* Majority Opinion at 8-10.  The Majority suggests that its disposition is consistent with *Hickson*, "where Rule of Criminal Procedure 506 (then-Rule 106) was silent with regard to a citizen's standing to seek judicial review of prosecutorial inaction on a private criminal complaint," because the MPC is silent with regard to the ability of a party to seek judicial review.  *Id.* at 9-10 (citing *Hickson*, 821 A.2d at 1243).  However, as explained, the MPC is not silent as to appeals to court, as the Majority suggests.  The MPC provides that the procedures set forth in Article X-A are the "**exclusive mode** for securing review of any decision rendered pursuant to Article IX."  53 P.S. § 11001-A (emphasis added).  When enacting Article X-A, the General Assembly expressly provided for two scenarios where aggrievement would be required for an appeal to the zoning board/court, and if it wished to **require** such aggrievement in all cases, it would have said so.  *See* discussion infra pp. 20-23.  Thus, *Hickson*, which involved a discrete rule that was truly silent as to standing to appeal to the courts, is readily distinguishable from the present case, which involves a statutory scheme that is not silent in this regard.

I also take issue with the Majority's reference to the Local Agency Law and its "appeal-to-court" provisions.  *See* Majority Opinion at 7 n.4; 2 Pa.C.S. §§ 751-752.  The Majority acknowledges that none of the parties raised the Local Agency Law.  *See id.*  I presume (continued…)

it would also have standing to appeal to the Commonwealth Court, which would defeat the argument presently raised by Appellee.

The Commonwealth Court incorrectly applied an aggrieved party standard instead of Section 908. Applying the incorrect test for standing, it found that Appellant lacked standing to appeal to the courts because Appellant's economic concerns related to its hotel business did not rise to the level of aggrievement. However, within the context of the MPC, the General Assembly, as is its prerogative, limited the application of the traditional aggrieved party standard to certain circumstances, and those circumstances are not presented here. Thus, the Commonwealth Court erred. The trial court found that Appellant was properly a party under Section 908(3) of the MPC and that it had standing to appeal because it did not prevail before the Board. As the Commonwealth Court did not conduct this inquiry, I would find that we are constrained to remand to the Commonwealth Court for an analysis of whether the trial court properly applied Section 908(3) to the facts of the present case. If the trial court correctly determined that the Board properly applied Section 908(3) by making Appellant a party to the hearing, then the Commonwealth Court would be required reach the merits of the appeal.

that the parties did not do so for good reason, as it appears that the Local Agency Law and its aggrievement requirement, like *Hickson*, would only apply if the MPC were silent as to standing to appeal to the courts. *Cf. Nernberg v. City of Pittsburgh*, 620 A.2d 692, 694 n.5 (Pa. Commw. 1993) (noting Local Agency Law applied based on court's finding that Pittsburgh was not subject to the MPC at all, as both a city of the second class and a municipality within a county of the second class); *Metal Green, Inc. v. City of Phila.*, 266 A.3d 495, 515 (Pa. 2021) (plurality) (stating, in the context of a Philadelphia Zoning Board of Adjustment decision, that Local Agency Law governed review of zoning board decision, but did so in determining standard of review for reviewing court, not related to standing). *See also* discussion of *Spahn*, supra pp. 17-19.

Having concluded that the Commonwealth Court erred by misapplying the law, I would vacate its order and remand for further proceedings consistent with this opinion.[16] As the Majority reaches the opposite conclusion, I respectfully dissent.

Justice Wecht joins this dissenting opinion.

---

[16] As I would find that the Commonwealth Court erred in applying the traditional aggrieved party standard to deny Appellant's appeal, I would not reach the second question presented, which asks whether Appellant was otherwise an aggrieved party, and express no opinion as to whether the facts of this case could also support a finding of traditional aggrievement (i.e., whether Appellant's competition-based claims rise to the level of an interest that is direct, immediate and substantial). In this vein, and contrary to the Majority's disposition, the Commonwealth Court's *Farmland* decision is not relevant to my analysis, given that it relates to the application of the traditional aggrieved party standard.